## KURZMAN et al. v. COMMERCIAL CREDIT CO.

District Court, N. D. California, Second Division. June 5, 1928.

No. 2086.

William Klein and Arthur H. Barendt, both of San Francisco, Cal., for plaintiffs.

Chas. W. Haswell, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. This case is a companion case to that of Commercial Credit Co. v. Semon (No. 18000), 33 F.(2d) 356, in which a demurrer to the cross-complaint has this day been sustained. This is a bill in equity, brought by Kurzman, Mattal, and Semon against the Commercial Credit Company, based upon the same alleged usurious transactions which are the subject of the cross-complaint in the law action.

The bill was filed April 3, 1928. It alleges that Kurzman & Mattal entered into a contract with the Commercial Credit Company, April 17, 1925, whereby the latter agreed to loan up to 77 per cent. of the face value of certain assigned accounts receivable, charging 1 per cent. per month interest and certain unspecified amounts for collecting the assigned accounts. It is alleged that the Credit Company made the latter charges without performing the services, and in addition retained a "customers' reserve account" from the accounts collected in full, without reducing the interest charged Kurzman & Mattal proportionately. It is alleged that this contract was performed up to April 21, 1927.

In April, 1927, Kurzman & Mattal made an assignment to the Board of Trade, followed by a composition of creditors, in which the Credit Company did not participate. Semon took over the business at this time, and entered into the contract of guaranty sued upon in the law action. It is alleged that he paid over to the Credit Company $13,000 under his contract, and that it was not until August, 1927, that the usurious nature of the original Kurzman-Mattal contract was discovered. It is alleged that the accumulated overcharges of interest are in excess of $8,000, and an accounting is prayed for, together with the penal award of treble interest allowed by the California usury law. Stats. Cal. 1919, p. lxxxiii.

The defendant has moved to dismiss the bill. This motion must be granted. In the first place, there can be no jurisdiction in equity without a showing as to the inadequacy of the remedy at law. There is no pleading to this effect. Nor will equity assume jurisdiction over a bill seeking to avoid the payment of usury without an offer to do equity, which is not made. Further, equity will not grant discovery or accounting, where a penal statute is involved, unless there is a waiver of penalty. 39 Cyc. 1010, 1015.

This bill specifically seeks the enforcement of the penalty imposed by the California statute. Finally, all claims for interest paid prior to April 3, 1927 (one year prior to the date of filing the bill), are barred by the lapse of the one-year period allowed by the usury law for bringing such actions, and plaintiffs cannot avoid this bar by pleading later discovery. The usury law is a special law, conferring a special right of action to recover interest unknown to the common law. The statutory period within which such action may be brought is not, strictly speaking, a statute of limitations. It is rather a statute of creation, which brings the right of action into life for a certain period, and extinguishes it absolutely at the expiration of that period. Such a statute is not affected by the general rules as to the tolling of the statute of limitations, and failure to discover the usury cannot prolong the life of the cause of action created and given one year's life by the statute. 37 Cyc. 686; Partee v. St. Louis & S. F. R. Co. (C. C. A.) 204 F. 970, 51 L. R. A. (N. S.) 721.

If any recovery is to be had of possible usurious payments subsequent to April 3, 1927, the bill must be so framed as to be cognizable in equity, under the principles set forth herein. The bill will be dismissed.