**EASTUS, U. S. Atty., et al. v. BRADSHAW.***

**No. 8550.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1938.

Earl C. Crouter, Sp. Asst. to Atty. Gen., and James L. Backstrom, Sp. Atty., Bureau of Internal Revenue, and Joe H. Jones, Asst. U. S. Atty., both of Dallas, Tex., for appellants.

W. B. Harrell and Russell Allen, both of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Upon a formal bill in equity brought in the District Court for the Northern District of Texas by Leo Bradshaw against Clyde O. Eastus as United States Attorney and Arthur Harvey as a special agent of the United States Revenue Service a decree was obtained forever enjoining the respondents and all governmental agents and agencies from using as evidence in any criminal proceeding against the petitioner the sworn testimony, the writings, the state-·

*Rehearing denied March 21, 1938.

ments, and memoranda which had been delivered by him to Harvey in certain income tax investigations, and suppressing them as evidence; but said testimony and writings were allowed to be retained by Harvey for the purpose of collecting such tax as may be due the United States. The respondents appeal, contending that there was no jurisdiction in equity, that there was an adequate remedy at law, and on the merits the testimony and statements were voluntarily given and would be admissible evidence in a criminal prosecution of petitioner respecting his income tax returns.

We think there is no jurisdiction in equity. Equity does not meddle with the administration of the criminal law. It sometimes interferes with the attempt to prosecute unconstitutionally when immediate and irremediable injury to property or other such damage would result. The bill here asserts that the statements and memoranda which Bradshaw made and delivered to the revenue agents at their request and the sworn evidence he gave which was stenographically taken down and transcribed and signed by him are his property, and because they were forced from him by threats are recoverable. But they have no value save as information and evidence, and are no more the property of Bradshaw than of the United States. The bulk of the contention is over Bradshaw's sworn testimony, and he never owned even the paper on which it is written. The case is not one in which valuable books, private papers, liquors, or the like have been unlawfully seized and are sued for, as in Goodman v. Lane, 8 Cir., 48 F.2d 32, and Friedman v. Yellowly, D.C., 290 F. 248. The district judge indeed here held that the papers might be retained by the respondents for the purposes for which they were given, that is, to determine the tax due. See 26 U.S.C.A. § 1514. The part of the decree complained of as without equitable jurisdiction is that part which seeks to adjudge that the United States cannot use them as evidence in any criminal proceeding. This amounts to an attempt by a court of equity to pass on the admissibility of evidence in a criminal case, a thing which we believe is unsupported by precedent or principle. An English Chancellor would never have attempted it, nor would the Court of King's Bench have submitted to it. In our system the District Court is the court both of equitable and criminal jurisdiction, but even so conflicts might arise. Equity obtaining personal jurisdiction of a revenue agent in one district might seek to control prosecution in another district; or having jurisdiction only over a subordinate officer its decree would be futile to control the United States in prosecuting through other officers. The court exercising jurisdiction over the prosecution ought as a part of that jurisdiction to control all questions of evidence arising in it. And the fullness of its jurisdiction to do so is another answer to the claim of equity jurisdiction, for it provides an adequate remedy at law. When a grand jury is impaneled, the law court can on motion control the evidence that is to be considered by it, and can quash an indictment founded on illegal or unconstitutional evidence. And it also can exercise summary control over its own officers, including the United States Attorney, the Marshal, and the Commissioner, and has often done so on motion to suppress illegal evidence both before and after indictment. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Dowling v. Collins, 6 Cir., 10 F.2d 62; Atlanta Enterprises, Inc. v. Crawford, Marshal, D. C., 22 F.2d 834. The appeal to equity in Dier v. Banton, 262 U.S. 147, 43 S.Ct. 533, 67 L.Ed. 915, was due to the fact that the whole matter was in control of the bankruptcy court, which is a court of equity.

Rejecting any jurisdiction in equity, we may consider whether the supervisory jurisdiction of the District Court over its officers in advance of prosecution will support the order. We think not. The court might thus control the United States Attorney, but not the Revenue Agents or the United States. United States v. Gowen, 2 Cir., 40 F.2d 593; Sims v. Stuart, D.C., 291 F. 707. There is no valuable property to be ordered returned, but only a question of the admissibility of evidence. No reason appears to try to decide such a question before any prosecution is ever begun. It appears both from the pleadings and the evidence here that there is a hot contest of fact whether what Bradshaw furnished and testified was obtained by compulsion or given freely and voluntarily. In such a case it is a common practice to let the trial jury under proper instructions determine whether an incriminating statement was free and voluntary or otherwise. The question of law whether all disclosures made

under 26 U.S.C.A. § 1514 are privileged as respects a criminal prosecution can better be considered in connection with an actual prosecution. Since no property of Bradshaw's has been illegally taken from him, but there is only a question of the admissibility of evidence in a possible criminal case, we are of opinion that the court erred in undertaking to determine that question now.

The judgment is reversed with direction to dismiss the bill.

Reversed.