**GRAUMAN et al. v. CITY COMPANY OF NEW YORK, Inc., et al.**

District Court, S. D. New York.

Dec. 20, 1939.

Maurice Rose, of New York City, for plaintiffs.

Max D. Steuer, of New York City, for defendant City Company of New York, Inc.

Shearman & Sterling, of New York City, for defendant National City Bank of New York.

MANDELBAUM, District Judge.

The defendants move, pursuant to Rules 8, 10, 12, and 18 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, (1) to dismiss the amended complaint on the grounds: (a) that whereas this is an action in equity it appears on the face of the complaint that no grounds for equitable jurisdiction or relief are alleged; and (b) that the plaintiffs have an adequate remedy at law; or in the alternative, (2) requiring the plaintiffs respectively to separately state and number each cause of action for rescission of the purchase in California of securities by the plaintiff from the Company, (a) so that those facts relating to the invalidity of the sale under the California Blue Sky Law will be separately stated, (b) from the allegations of fraud and deceit; and (c) that each plaintiff also state his alleged cause of action for damages for fraud and deceit separately from his alleged cause of action for rescission of the same transaction; (3) the remainder of the motion is that certain allegations of the complaint be stricken.

### The Motion to Dismiss the Amended Complaint

The action is for a rescission of a sale or sales of securities by judicial decree upon such conditions as the court will fix, or in the alternative, in the event the plaintiffs, for any reason, should not be awarded such rescission that they recover damages from the defendant.

The amended complaint is voluminous but in essence it charges that the defendants conspired to defraud the plaintiff and others; that by reason of certain fraudulent representations made with knowledge of their falsity, and that by further reason of the violation of the Corporate Securities Act of California, St.1917, p. 673, the plaintiff and others were induced to purchase certain beneficial interests in stocks; that the stocks were worth less than 10% of the purchase price.

The defendants urge that the amended complaint should be dismissed because under the guise of an equitable action for the rescission of a sale of stock, the relief sought is really a decree for the payment of money; that consequently, the plaintiffs have an adequate remedy at law which calls for the dismissal of the complaint. Section 267 of the Judicial Code, 28 U.S.C.A. § 384. The plaintiffs, on the other hand, assert that they are properly in a court of equity because they have no adequate remedy at law.

I have been troubled from the very outset whether I could pass upon the substantive questions raised or whether the new rules have now simplified the procedure in federal courts to such an extent that a motion such as this has been obviated. After mature deliberation, I am of the belief that I am precluded from passing upon the merits. The reasons which lead me to such conclusion are the following. The new Federal Rules of Civil Procedure have abolished procedural

174

distinctions between actions and the forms of action at law and in equity. So that, there is now only one form of civil action in the federal courts. Rule 2, following Section 723c, Title 28 U.S.C.A. In other words, legal and equitable remedies may be administered in the same forum and in the same action. This, however, has not abolished the substantive distinction between law and equity.

After the enactment of Equity Rule 22, 28 U.S.C.A. following section 723, and Section 274a of the Judicial Code, 28 U.S.C.A. § 397, the fact that the plaintiff had an adequate remedy at law was no longer grounds for dismissing a bill in equity. Such objection had to be taken by a motion to transfer the cause to the law side of the court. Lyons Milling Co. v. Goffe & Carkener, 10 Cir., 46 F.2d 241, 245, 83 A.L.R. 501.

With the advent of the new rules, Equity Rule 22 and Section 274a of the Judicial Code have been superseded and Section 267 of the Judicial Code has been superseded insofar as it deals with procedural matters. Moore's Federal Practice, under the new Federal Rules of Civil Procedure, vol. 1, page 108, states the reasons therefor:

"Statutes Superseded or Modified. Sections 397 and 398 of Title 28 U.S.C., 28 U.S.C.A. §§ 397, 398, which provide for 'Amendments to pleadings when case brought to wrong side of court,' and 'Equitable defenses and equitable relief in actions at law,' which together were commonly known as the Law and Equity Act, are superseded. The reasons are: (1) there is no longer a law side and an equity side of the court; (2) there are no longer actions at law and suits in equity; (3) there is a 'civil action' in which all relief must be obtained that could formerly be secured at 'law', in 'equity,' or under the 'hybrid' procedure contemplated by the above sections.

"Section 384 of Title 28 U.S.C., 28 U.S. C.A. § 384, 'suits in equity, when not sustainable,' is superseded in so far as that section deals with procedural matters and contemplates two separate procedures. In so far as it declares that substantive rights are not to be enlarged, that the propriety or right to extraordinary relief, formerly called 'equitable,' is not to be extended, the section is believed to be unaffected."

The distinction between legal and equitable relief only becomes important when a party desires a jury trial and demands it pursuant to Rule 38 of the new Federal Rules of Civil Procedure. He must be accorded that right if he was entitled to it at common law, or if it has since been given to him by a valid federal statute.

Further discussion on this phase of the new rules may be found in Volume 1 of Moore's Federal Practice. The language points, it seems, to the solution of the problem before me. I again quote verbatim (p. 196); "When there are two distinct procedures, one at law and the other in equity, the maintenance of an action in equity whether a bill of peace or a bill based on some other equitable ground involved the matter of deprivation of jury trial * * *. Under the rules (new Federal Rules of Civil Procedure) the only problem which remains in similar cases arises when a litigant demands a jury trial under Rule 38. Otherwise it is not necessary to analyze the case to determine whether it is legal or equitable. If, however, a demand for jury trial is made, the question whether the issues are legal or equitable should be settled in the light of the cases just discussed." (emphasis and matter in parenthesis by the court)

Under the circumstances, I feel that a further discussion would serve no useful purpose. It therefore follows that the determination of whether the issues involve legal or equitable remedies may be left to a later date. See Bellavance v. Plastic-Craft Novelty Co. et al., D.C., 30 F.Supp. 37, District of Mass., November 6th, 1939.

The motion to dismiss the amended complaint is denied.

### The Motion Requiring the Respective Plaintiffs to Separately State and Number Their Claims.

This branch of the motion seeks a direction that the plaintiffs separately state their claims. The complaint sets forth allegations based on transactions claimed to be void by reason of the violation of the Corporate Securities Act of California; other allegations claim certain transactions to be voidable by reason of fraudulent misrepresentations and, finally, the alternative prayer for relief for damages from both defendants for fraud.

It is my opinion that the plaintiffs are not required to do so. The theory of the action is for rescission of certain transactions claimed to be fraudulent arising out of a conspiracy entered into between the defendants to defraud the plaintiffs and others. The fact that one of the acts committed by the defendants is in violation of a statute does not give the plaintiffs a separate right of action because of such violation. It is merely one of the elements or grounds constituting the wrong done to the plaintiffs. Each element or ground does not constitute a separate claim. The same has been held true in criminal proceedings. In a recent case, United States v. Manton and Spector, 2 Cir., 107 F.2d 834, 839, Judge Sutherland, writing for this Circuit, said: "Nor, contrary to Manton's contention, is the indictment bad for duplicity because it alleges that the conspiracy contemplated the violation of a criminal statute and also the defrauding of the United States * * *. 'The conspiracy * * * is the crime, and that is one, however diverse its objects.' [Cases cited]."

Neither are the plaintiffs required to separately state their claims against both defendants in the form of a separate count as against each, even though rescission is asked as against one, or in the alternative damages as against both defendants. Although rescission is prayed for only as against the defendant Company (the securities having been sold in the name of the defendant Company) both defendants will be bound by any judgment whether it be for rescission or in the alternative for damages.

The motion to separately state and number is denied.

**The Motion to Strike Certain Allegations from the Amended Complaint.**

The relief requested should be granted in part, and this branch of the motion is disposed of in the following manner (referring to the items in the notice of motion):

Items 6a, 6b, 6d, 6e, 6f, 6h, 6j, 6k granted.

Items 6c, 6i, 6l denied.

Item 6g denied. I believe the plaintiffs have a right to plead such facts which would tend to negative laches or statute of limitations.

Settle order on two days' notice in accordance with the foregoing opinion.