## BUSBY v. INTERNATIONAL PAPER CO.
### Civ. A. No. 2452.

United States District Court
W. D. Louisiana, Shreveport Division.
Feb. 19, 1951.

Malcolm E. Lafargue, Irion & Switzer, Shreveport, La., for plaintiff.

Dan W. Stewart, Minden, La., Madison, Madison, Files & Shell, Bastrop, La., Tucker, Bronson & Martin, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

This was an action for damages alleged to have been caused by the discharge of waste water or effluent from the defendant's paper mill into Bayou Bodcau, coupled with a prayer for injunction against further pollution of the stream. The question of damages was submitted to a jury, which returned a verdict of $11,000; and this court, as the alternative to a new trial, ordered a remittitur of $6,000, 86 F.Supp. 603, which was accepted by the plaintiff. Notwithstanding, defendant appealed, and the judgment was affirmed. 5 Cir., 182 F.2d 790.

The court reserved decision on the application for injunction as a question in equity, and the matter has now been submitted upon the same note of evidence. It shows that the major portion of the property, which goes under water in the late fall and winter, and occasionally in early spring, consists of a depression, lake or pool, which was not cultivated before the paper mill was built, as shown by a map and figures made by the A.A.A. of the Agricultural Department of the United States, prior to that time, except a small acreage on the east bank of Bayou Bodcau. For several years the defendant has discontinued the practice of allowing what is called "blackwater" to drain into the stream without restriction, and now discharges it at intervals, as stated, in the late fall and winter, when the stream is full and crops have been substantially gathered and also the fishing season has ended for practical purposes.

Besides, the allegations and prayer for injunction were made in the alternative, and "in the alternative only," in event damages were not recovered. Plaintiff has been awarded and has been paid damages for whatever injury was suffered and not prescribed to the time of filing the suit. This in itself would appear to eliminate the claim for injunctive relief; however, since such claims will recur, it is deemed proper to consider the law and jurisprudence applicable to this matter.

■ Former Section 267 of the Judicial Code, omitted in the 1948 revision, provided as follows: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." (Formerly 28 U.S.C.A. § 384.) This was but a statutory declaration of the general principles of equity, and its omission does not affect the rule.

■ Defendant has constructed and operates a large industrial plant which cost many millions of dollars, gives employment to several hundreds of people, and furnishes a market for large quantities of pulpwood to farmers and other owners of timber used for making paper. It is, therefore, a substantial asset to the community. Riparian owners have the right to share in natural facilities, such as flowing streams, in the operation of their properties, subject to the provisions of the law, including Articles of the Louisiana Civil Code, 660 et seq., which impose a servitude upon the lower in favor of the upper estate to receive the natural flow of water, such as rain, etc., so long as it is not materially increased by the activities of the upper owner, the latter being responsible for whatever damages the increased burden may cause. Whether such increased burden is reasonable or unreasonable depends upon the circumstances of each case. In view of modern development of farming, industry and other types of businesses, often side by side, requiring the joint use of streams and highways, the necessity for "give and take," as it is sometimes called, between the different

owners, becomes more apparent, if a fair allowance is to be made for the growth of the country. Of course, if the owner of an upper estate should, by the discharge of such quantities of water into a stream above what would be received by the natural rains, etc., make it impossible, for instance, for the lower proprietor to use his property or inconvenience him seriously in getting in and out of his home, even for short periods, a court of equity would be justified in requiring the one responsible either to desist or to build dams or other protection to prevent it. In such a situation, money damages would not afford an adequate remedy against the repeated nuisance. But where, as here, the facts reveal that, at most, the plaintiff has been deprived of the ability to cultivate a small portion of the lands so inundated, such injuries are readily compensable in money, and a balancing of benefits and conveniences, would induce a court of equity to deny the harsh remedy of injunction. The evidence in this case, it is believed, preponderates against the conclusion that the quantity of water which normally flowed over plaintiff's land before the building of the paper mill, has been greatly increased, except on one or two occasions when the "blackwater" was discharged in the late spring, and for which the judgment in damages in this case has compensated him.

It further appears that, while in the early operations of the paper mill, considerable quantities of fish in the stream were killed by this water, due to the fact that it reduced the amount of oxygen in solution below what was necessary to sustain aquatic life, that condition has been substantially alleviated, and at the present time, when the annual discharge of water has run out, fish from Red River and the streams tributary to Bayou Bodcau have repopulated this bayou, with the result that it has little ill effects upon its availability for fishing, camps, etc.

In view of all these circumstances, the injunction will be denied. 28 Am.Jur. page 222, Sec. 29; page 237, Sec. 39; page 238, Sec. 42; Everglades Drainage District v. Florida Ranch & Dairy Corporation, 5 Cir., 74 F.2d 914; Minden Syrup Co. v.

Applegate, La.App., 150 So. 421; Young v. International Paper Co., 179 La. 803, 155 So. 231; Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; City of Harrisonville v. W. S. Dickey Clay Manufacturing Co., 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208; Texas Co. v. Grosjean, D.C., 16 F.Supp. 264; Maddox v. International Paper Co., D.C., 47 F.Supp. 829.