**L. C. ATTERBERRY, Jr., Appellant,**

v.

**Harold O. FORTSON, Leonard J. Hallman and J. D. Strickland,**
**Appellees.**

**Civ. A. No. 823.**

United States District Court
S. D. Georgia, Brunswick Division.

Sept. 24, 1955.

John J. Sullivan, Aaron Kravitch, Savannah, Ga., for plaintiff.

Malcolm Maclean, Savannah, Ga., for defendants.

SCARLETT, District Judge.

The above motion was heard in open Court, both sides appearing and briefs submitted by both sides.

Plaintiff seeks to enjoin the use and to compel the return of the property taken by the City of Savannah law enforcement officials in an allegedly illegal and unreasonable search and seizure. No assault upon the person is alleged. Cf. Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183. The State of Georgia based on the evidence taken and other evidence is now prosecuting Plaintiff in the City Court of Savannah. Four accusations have been tried; five remain.

■ This Court has jurisdiction of Plaintiff's complaint for it alleges deprivation of rights under 28 U.S.C.A. § 1343.

■ The use in State Courts of property allegedly unlawfully seized does not violate the due process clause. Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; Irvine v. People of State of California, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561. Procedures exist in the Georgia State Courts by which the sufficiency of the seizures may be tested.

■ Further, a Court of Equity is without jurisdiction to pass on the admissibility of evidence in a criminal

case. Eastus v. Bradshaw, 5 Cir., 94 F.2d 788, certiorari denied 304 U.S. 576, 58 S.Ct. 1045, 82 L.Ed. 1539.

As I view the delicate balance which exists between State and Federal Judicial systems, "A prudent self-restraint is called for at such times if state and national functions are to be maintained in stable equilibrium. Reluctance there has been to use the process of federal courts in restraint of state officials though the rights asserted by the complainants are strictly federal in origin." Hawks v. Hamill, 288 U.S. 52 at page 61, 53 S.Ct. 240 at page 243, 77 L.Ed. 610.

In 28 U.S.C.A. § 2283, a definite limitation has been placed on the Federal Court's power to grant an injunction staying proceedings in a State Court. This section embodies a long standing governmental policy to prevent unnecessary friction between State and Federal Court. Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. To grant the injunction requested would be to do indirectly what Congress has forbidden to be done directly.

Holding that Plaintiff has no right to an injunction, however, does not leave him without remedies if in fact his constitutional rights were unobserved. He may object to the evidence in the State Court, and his claim for damages remains, the validity of which is not passed on here.

In view of the foregoing, it is ordered, decreed and adjudged:

1. That defendants' motion to dismiss the petitioner's prayer for a temporary and permanent injunction is granted.

2. That petitioner's prayer (c) that the use of said evidence be suppressed and the defendant be required to return said evidence to petitioner is denied.

3. On motion to dismiss of his Counsel, defendant Andrew J. Ryan, Jr., Solicitor General of Chatham County, is dismissed from this action. No damages are sought from him in the complaint, and injunctive relief for which petitioner prayed has been denied.