Evan W. RODGERS and E. Nadine Rodgers, Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

No. 2083.

United States District Court S. D. California, S. D.

Jan. 6, 1958.

Edgar B. Hervey, James Edgar Hervey, Harry D. Steward, San Diego, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., William Seavey, Asst. U. S. Atty., San Diego, Cal., for defendants.

JAMES M. CARTER, District Judge.

This case presents a disturbing problem in the administration of criminal justice—i. e., pre-indictment motions or proceedings to suppress evidence,—in reality an attempt to try a civil proceeding concerning evidence allegedly illegally seized, prior to the trial of the criminal proceeding in which the seizure evidence is to be used. No picture need be painted of the impact of such techniques on the administration of criminal justice, if they are allowed to go unchallenged.[1] On the other hand, every defendant must necessarily have the unfettered right under any conceivable set of facts, to present to a court for hearing and determination in an orderly manner, his contention that evidence has been obtained in violation of his constitutional rights, is in the possession of federal officers and that such officers propose to use such evidence against him.

1. Here, the attorney for the plaintiff, having filed a civil action, claims the right to take depositions, request and obtain answers to interrogatories and to requests for admission, and to have in addition to a hearing on a motion for a preliminary injunction, a full fledged trial on the merits.

He undoubtedly contemplates an appeal if a preliminary injunction is denied, and a further appeal from a decision at the trial if adverse to his clients.

Meanwhile he would delay the criminal proceeding while these maneuvers take place and probably request the circuit to enjoin the criminal proceedings while he reveled in the intricacies of civil proceedings and appeals!

In this case two persons who are essential government witnesses are in jail. The defendants are on bond!

### The Proceedings

On October 11, 1957, federal agents arrested E. Nadine Rodgers and Evan W. Rodgers for violation of narcotic laws and *allegedly* searched the person of E. Nadine Rodgers and seized narcotics found on such search.[2] The defendants were arraigned before the Commissioner and posted bond.

On Tuesday, November 12, 1957, Harry Steward, attorney for the plaintiffs E. Nadine Rodgers and Evan Rodgers, had prepared this civil action speaking in equity, entitled, "Complaint to Suppress Evidence and for Preliminary Restraining Order and Injunction." At about 4 P.M., of the same day, Steward, without having filed the action, requested from the court an ex parte restraining order directed to the United States, the United States Attorney, various Assistant United States Attorneys and the Collector of Customs and various Customs agents suppressing the evidence and restraining the "defendants and each of them from presenting the evidence" to the federal grand jury. The prayer of the civil action was in similar language.

The court requested the presence of an Assistant United States Attorney; the matter was then discussed and the court agreed to look into the matter at 10 A.M., Wednesday, November 13, 1957. The court's business on that day required the matter to go over until Thursday, November 14, 1957, at 10 A.M. On Thursday, November 14, 1957, no motion had been served on the United States Attorney, no defendant had been served, and although an Assistant United States Attorney was present, the proceeding was still one for an ex parte restraining order. The court conducted an informal inquiry. An Assistant United States Attorney was sworn and testified that the matter had been fully presented to the grand jury several weeks before but that they had not acted. He testified he had nothing further to present.

Plaintiffs' counsel lodged two proposed Ex Parte Orders, one following the prayer of the complaint, and one restraining the United States Attorney and his assistants from *signing an indictment* against plaintiffs or *presenting an indictment* to the grand jury and from conducting any further proceedings before the grand jury pertaining to the arrest and seizure.

The court on November 14, 1957 declined to issue an ex parte order without notice or to exercise its discretion in the matter unless the matter was brought on by proper motion.

Thereafter on the same day, November 14, 1957, the grand jury indicted both plaintiffs for a narcotic offense and the indictment, No. 27110, was filed.

On November 19, 1957, plaintiffs filed a first amended complaint praying for a preliminary and permanent injunction restraining the defendants from presenting evidence or testimony with respect to the seizure of the narcotics "at any trial or hearing pertaining to plaintiffs" and that the seized evidence be suppressed. On the same day plaintiffs filed a motion for preliminary injunction and noticed it for December 2, 1957. The relief asked was similar to the prayer of the amended complaint.

Prior to hearing on December 2, 1957, the United States Attorney filed an answer for all defendants. The matter was continued at plaintiffs' request to December 3rd, and likewise from the 3rd to December 4, 1957. On December 4, 1957, at the hearing, the Assistant United States Attorney suggested that the files and records of the court showed that plaintiffs had an adequate remedy at law, viz., a motion to suppress under Criminal Rule 41(e), 18 U.S.C.A. in the then pending criminal proceedings and that the allegation in the amended complaint "that no plain, speedy and adequate remedy at law existed," was patently untrue; and urged that the court

---

2. Actually *no search occurred*; there was only a seizure of narcotics, following a lawful arrest without a warrant.

refuse to hear the motion and refuse to exercise its equitable jurisdiction.

### The Law

Most of the cases on pre-indictment and post-indictment proceedings to suppress, have arisen on the question of whether a particular order was appealable. Generally the cases hold as follows:[3]

■ If the motion is filed and the order entered *before* indictment returned, then the order is usually held to be final and independently appealable. Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Hoffritz v. United States, 9 Cir., 1956, 240 F.2d 109; Lapides v. United States, 2 Cir., 1954, 215 F.2d 253, 254; Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382; White v. United States, 5 Cir., 1952, 194 F.2d 215, certiorari denied 343 U.S. 930, 72 S.Ct. 760, 96 L.Ed. 1340; In re Fried, 2 Cir., 1947, 161 F.2d 453, 1 A.L.R.2d 996; Cheng Wai v. United States, 2 Cir., 1942, 125 F.2d 915, 916; Goodman v. Lane, 8 Cir., 1931, 48 F.2d 32. Cf. United States v. Sineiro, 3 Cir., 1951, 190 F.2d 397. See Cogen v. United States, 1929, 278 U.S. 221, 225, 49 S.Ct. 118, 73 L.Ed. 275. See Weldon v. United States, 9 Cir., 1952, 196 F.2d 874, 875.

When the motion is *filed after*, and the *ruling made after* the return of the indictment, the order is interlocutory and not independently reviewable. Carroll v. United States, 1957, 354 U.S. 394, 404–405, 77 S.Ct. 1332, 1 L.Ed.2d 1442; Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Rosenwasser, 9 Cir., 1944, 145 F.2d 1015, 156 A.L.R. 1200; Jacobs v. United States, 9 Cir., 1925, 8 F.2d 981; United States v. Marquette, 9 Cir., 1921, 270 F. 214. Dissent of Chief Judge Stephens in, United States v. Cefaratti, 1952, 91 U.S.App.D.C. 297, 202 F.2d 13, 17. Contra, Essgee Co. of China v. United States, 1923, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917 (a sub silento ruling where the problem was not discussed); United States v. Ponder, 4 Cir., 1956, 238 F.2d 825.

But where motions are made *before* indictment and *ruled on thereafter*, the cases are in conflict. One line of cases holds the orders final and independently appealable, In re Sana Laboratories, 3 Cir., 1940, 115 F.2d 717, United States v. Poller, 2 Cir., 1930, 43 F.2d 911, 74 A.L.R. 1382, while another line of cases hold the order interlocutory and not independently appealable, United States v. Williams, 4 Cir., 1955, 227 F.2d 149; Nelson v. United States, 1953, 93 U.S. App.D.C. 14, 208 F.2d 505, 516–517; United States v. Mattingly, 1922, 52 App. D.C. 188, 285 F. 922.

The basis of the court's jurisdiction in independent equity proceedings is said to rest on "the inherent power of the court to discipline an officer of the court," Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382, at page 386, and cases there collected.

The nature of a pretrial proceeding to suppress is differently described in different cases. Eastus v. Bradshaw, 5 Cir., 1938, 94 F.2d 788, rejects the contention that ever a so-called formal bill in equity as a pre-indictment proceeding invokes the equity jurisdiction of the court, but terms it "supervisory jurisdiction of the District Court over its officers in advance of prosecution," (at page 789) and "summary control over its (the court's) own officers," (at page 789). Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382 at page 385, refers to a pre-indictment proceeding entitled, "Petition and Motion to Suppress Evidence" as "an independent proceeding of a summary character against the United States attorney as an officer of the court." United States v. Klapholz, 2 Cir., 1956, 230 F.2d 494, when a pre-indictment motion under Rule 41(e), Federal Rules of Criminal Procedure was filed, said at page 496:

---

3. We have not here segregated or distinguished between civil equity proceedings and motions under Criminal Rule 41(e).

*"The sole express authority for a pretrial suppression of evidence by any court other than a trial court is found in Rule 41(e)."*

But *Goodman v. Lane,* 8 Cir., 1931, 48 F.2d 32, decided before the Federal Rules of Criminal Procedure and Rule 41(e), but while pre-indictment proceedings under case law were well known, treated a bill in equity praying for pre-indictment suppression of evidence, as a true equity proceeding. The court summarized the then state of the law as follows (at page 35):

" * * * The questions of return of property illegally seized, and/or the suppression of the same as evidence, are presented to the courts by various methods of procedure. There is no uniformity throughout the several circuits, and oftentimes not within the same circuit. Independent petitions, either before or after criminal proceedings are started, summary motions or petitions in criminal cases after indictment or information, independent bills in equity, are all recognized by the courts as proper * *".

In *Hoffritz v. United States,* 9 Cir., 1956, 240 F.2d 109, at page 112, the Ninth Circuit said:

" * * * The cases are not in agreement as to whether a motion to suppress and return evidence, made prior to indictment, is a civil proceeding, or a criminal, though 'independent,' proceeding under Rule 41(e) * * *", and listed the cases in footnote 8.

Few cases have considered whether an order granting or denying relief is appealable under 28 U.S.C.A. § 1292 (old 28 U.S.C. § 227) as an order denying or granting an injunction.

*Carroll v. United States,* 1957, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442, held an order suppressing evidence, made on motion under Rule 41(e) after indictment, was not independently appealable by the government. The court, 354 U.S. at pages 403, 404, 77 S.Ct. at pages 1338, 1339, considered 28 U.S.C.A. §§ 1291 and 1292, and said, "But a motion *made by a defendant after indictment* and in the district of trial has none of aspects of independence just noted, as the Court held in Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 * * * and thus not appealable at the instance of the defendant." [Emphasis supplied.]

*United States v. Rosenwasser,* 9 Cir., 1944, 145 F.2d 1015, 1018, 156 A.L.R. 1200, holds an interlocutory order suppressing evidence and restraining its use, made after indictment filed, is not appealable as an order granting an injunction. *Centracchio v. Garrity,* 1 Cir., 1952, 198 F.2d 382, intimates under note 2, at page 389, that such an order might be appealable under 28 U.S.C.A. § 1292.

### The Adoption of Criminal Rule 41(e)

■ Rule 41(e) effective October 20, 1949, now provides an express remedy to secure an order suppressing evidence.[4]

---

4. On December 27, 1948, effective October 20, 1949, Criminal Rule 41(e) came into existence.

"(e) Motion for Return of Property and to Suppress Evidence.

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware

By the terms of the rule, motions may be made before or after indictment. They may be made in the district where the seizure was made or in the district where the prosecution will be had. They may be made by a party or non-party to a criminal proceeding. The movant need only be a "person aggrieved." It is thus hard to imagine a situation where relief looking toward suppression of evidence illegally seized could not be had under the Rule.

The notes of the Advisory Committee on the Criminal Rules[5] indicate the purpose of the Rule was "to prevent multiplication of proceedings and to bring the matter before the court in the first instance * * *," and that the Rule changed the existing practice only in eliminating hearings before commissioners.

There is no express statement that the purpose of the rule was to eliminate the old practice of using equity suits and motions therein to suppress evidence.

We submit that this was in part what was meant by the words, "to prevent multiplication of proceedings."

One clear purpose of the pre-indictment proceedings, prior to the adoption of Criminal Rule 41(e), and likewise a purpose of Rule 41(e) was to prevent interruption and delays in a trial, brought about by attacks on the legality of searches and evidence seized thereby. Waldron v. United States, 1955, 95 U.S. App.D.C. 66, 219 F.2d 37, 41, aptly states the matter:

"The basic purpose of the rule is to prevent, so far as possible, the delay and attendant confusion resulting from attacks during a trial on the admissibility of illegally seized evidence * * *".

In any event, a substantial body of case law had been built up before the adoption of Rule 41(e), dealing with motions and petitions to suppress evidence obtained from illegal searches and seizures.[6] Generally, Rule 41(e) was de-

---

of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

5. The notes of the Advisory Committee on Rules as to this subdivision of Rule 41, reads as follows:

"Note to Subdivision (e) This rule is a restatement of existing law and practice, with the exception hereafter noted, 18 U.S.C.A. former §§ 625, 626; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Ag[n]ello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. While under existing law a motion to suppress evidence or to compel return of property obtained by an illegal search and seizure may be made either before a commissioner subject to review by the court on motion, or before the court, the rule provides that such motion may be made only before the court. The purpose is to prevent multiplication of proceedings and to bring the matter before the court in the first instance. While during the life of the Eighteenth Amendment when such motions were numerous it was a common practice in some districts for commissioners to hear such motions, the prevailing practice at

the present time is to make such motions before the district court. This practice, which is deemed to be preferable, is embodied in the rule."

6. The rule of practice which was referred to under the Notes of the Advisory Committee on Rules, 18 U.S.C.A. Rule 41 is little more than an admission that applications for return of property illegally seized may be made in advance of trial by application. Four cases are cited.

In Weeks v. United States, 1913, 232 U.S. 397, 34 S.Ct. 346, 58 L.Ed. 652, the court commented on the general rule of practice,—that the court when engaged in trying a criminal case will not take notice of the manner in which witnesses have possessed themselves of papers, or other articles of personal property, which are material and properly offered in evidence, by saying that this rule would not apply to an application for return of papers seized seasonably made.

In Silverthorne Lumber Company v. United States, 1919, 251 U.S. 391, 40 S. Ct. 182, 64 L.Ed. 319, the court referred to the same general rule of practice as did the court in Gouled v. United States, 1920, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. In the Gouled case the court pointed out that the rule was " * * only a rule of procedure and therefore it

signed to crystallize this case law procedure.

## Fusion of Law and Equity

■ "Notwithstanding the fusion of law and equity by the Rules of Civil Procedure, the substantive principles of Courts of Chancery remain unaffected," Stainback v. Mo Hock Ke Lok Po, 1949, 336 U.S. 368, note 26 at page 382, 69 S.Ct. 606, at page 614, 93 L.Ed. 741, and authorities there cited.

■ True, under the new procedures following the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A., the court will grant in the case on file, the relief to which the plaintiff is entitled, i.e. plaintiff may pray for injunctive relief and be granted relief at law, Kansas City etc. R. Co. v. Alton R. Co., 7 Cir., 1941, 124 F.2d 780, 783. Nor need cases be transferred from the equity to the law side or vice versa. " * * * legal and equitable remedies may be administered in the same forum and in the same action. This, however, has not abolished the substantive distinction between law and equity." Grauman v. City Company of New York, D.C.S.D.N.Y.1939, 31 F.Supp. 172, 174.

The problem we pose here is a different one. It is essentially whether a trial court should exercise its equity jurisdiction where in *another proceeding* before the same court, there exists a plain, speedy and adequate remedy at law.

## Rule 41(e) Concerns Itself With the Fourth Amendment Only

■ Rule 41(e), Federal Rules of Criminal Procedure is limited by its language, to motions to suppress evidence obtained by lawful search and seizure. Such questions arise under the Fourth Amendment only.

There is a line of cases that in pre-indictment motions to suppress, based on contentions under the Fifth Amendment (evidence allegedly self-incriminating) that the moving party is not entitled to present and litigate this problem in a pre-indictment proceeding but should present his contentions before the tribunal which will try the case. Biggs v. United States, 6 Cir., 1957, 246 F.2d 40; Benes v. Canary, 6 Cir., 1955, 224 F.2d 470; Chieftain Pontiac Corp. v. Julian, 1 Cir., 1954, 209 F.2d 657.

Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382, was also a case involving the Fifth but not the Fourth Amendment. The court of appeal in referring to the *trial court's jurisdiction*, said (at page 386):

"* * * the propriety of exercising such jurisdiction depends upon considerations of an equitable nature. See Eastus v. Bradshaw [5 Cir., 1938], 94 F.2d 788; Goodman v. Lane, 8 Cir., 1931, 48 F.2d 32, 35."

It then concluded, at page 388:

"that the district court should have dismissed the petition as lacking in equity, which of course would have been without prejudice to the right of petitioner, in the event of indictment, to raise at some appropriate stage, whether before trial or during the trial, the question as to the admissibility of the evidence disclosed by him in reliance on the

---

is not applied as a hard and fast formula to every case, regardless of its special circumstances * * * A rule of practice must not be allowed for any technical reason to prevail over a constitutional right." (255 U.S. at page 313, 41 S.Ct. at page 266).

In Agnello v. United States, 1925, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, the court again referred to the above mentioned rule of practice, citing the Gouled case with respect to not allowing the rule to prevail for a technical reason over a constitutional right.

The four cases mentioned above and set forth in the Notes on Rule 41(e) as stating the existing law and practice make it quite clear that delays in criminal trials, by untimely objections to evidence allegedly obtained by illegal means, are to be avoided. Significantly however, they do not indicate the precise nature of the procedure to be used for a pretrial or pre-indictment challenge to the evidence. The cases mention applications for return, motions, and petitions filed in the cause, only in their discussion of the facts of their case.

Treasury's announced voluntary disclosure policy * * *".

### The Application of Equitable Principles

The question is thus presented,—since October 20, 1949, should pre-indictment proceedings seeking to suppress evidence, be classified and treated as,

(1) a summary proceeding by motion, prior to indictment as authorized by Rule 41(e), Fed. Rules of Criminal Procedure, or

(2) a classic equity suit.

We propose to explore the principles of equity as they bear on this problem.

### (a) A Plain, Speedy and Adequate Remedy At Law Bars Equitable Relief

■ For the exercise of equity jurisdiction, it must appear that there is no plain, speedy and adequate remedy at law, Terrace v. Thompson, 1923, 263 U.S. 197, 214, 44 S.Ct. 15, 68 L.Ed. 255; Boise Artesian etc. Water Co. v. Boise City, 1909, 213 U.S. 276, 281, 29 S.Ct. 426, 53 L.Ed. 796; United States v. Humboldt Lovelock Irr. Light & Power Co., 9 Cir., 1938, 97 F.2d 38, 42; Kurzman v. Commercial Credit Co., D.C.N. Cal.1928, 33 F.2d 358, 359.

"This rule at an early date was crystallized into statute form by the 16th section of the judiciary act [Revised Statute § 723]." Boise Artesian etc. Water Co. v. Boise, supra, 213 U.S. at page 281, 29 S.Ct. at page 428.

■ The section later became Sec. 384, Title 28 U.S.C.A., as it stood prior to the 1948 Revision of Title 28, and then read, "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

The omission, in the 1948 Revision of Title 28, of a section similar to old Section 384, Title 28 U.S.C.A., does not mean the old rule has been abolished. The old section was merely declaratory of a general principle of equity and its omission does not affect the rule. Busby v. International Paper Co., D.C.La. 1951, 95 F.Supp. 596, 597; Grauman v. City Company of N. Y., D.C.S.D.N.Y. 1939, 31 F.Supp. 172, 174.

■ The remedy at law must be as adequate as the remedy in equity. Walla Walla City v. Walla Walla Water Co., Nov. 14, 1898, 172 U.S. 1, at page 12, 19 S.Ct. 77, at page 82, 43 L.Ed. 341, states:

"* * * This court has repeatedly declared in affirmance of the generally accepted proposition that the remedy at law, in order to exclude a concurrent remedy at equity, must be as complete, as practical, and as efficient to the ends of justice and its prompt administration, as the remedy in equity. Boyce's Executors v. Grundy, 3 Pet. 210, 215 [7 L.Ed. 655]; Insurance Co. v. Bailey, 13 Wall. 616, 621 [20 L.Ed. 501]; Kilbourn v. Sunderland, 130 U.S. 505, 514, 9 S.Ct. 594; [32 L.Ed. ]0051; Tyler v. Savage, 143 U.S. 79, 95, 12 S.Ct. 340 [36 L.Ed. 82] * * *".

■ The motion procedure under Rule 41(e) is speedy, practical and efficient. Counsel for plaintiffs, however, contends that he desires to use the discovery procedure of the Civil Rules (see Note 1, supra), and that these would not be available under Rule 41(e). It is a basic principle of law that the administration of justice in the criminal field should be carried on as promptly as possible, see Carroll v. United States, 1957, 354 U.S. 394, 415, 77 S.Ct. 1332, 1 L.Ed. 2d 1442. Criminal cases take precedent on the calendar over civil matters. This procedural difference on the civil and criminal side does not mean that the *relief obtainable* under Rule 41(e) is not as "complete," as that obtained by "the remedy in equity," Walla Walla case, supra.

■ It may be argued that the relief granted on a Rule 41(e) motion consists of "suppressing" the evidence

seized and ordering its return, while in an equity suit, such as here, the relief prayed for is that the United States Attorney and government officials "be restrained from using the evidence." But old orders on motions to suppress before Rule 41(e) and orders since the Rule contain language "restraining" certain named officials from using evidence. The word "suppress" means to effectively prevent from using; and in the case law built up in the old pre-rule motions to suppress, the word grew to have the meaning that officials who had possession of illegally obtained evidence were prohibited or restrained from using such evidence.

The relief under the Rule is more effective than a decree. The Rule provides, "If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial." Thus, where the property is restored to the moving party it cannot of necessity be used at the trial. But an equity decree has no such inflexible character and might be modified at a later date.

Even an administrative remedy provided by statute is adequate, thus preventing injunctive relief.

"It has long been the established rule that proceedings in equity for an injunction cannot be maintained where the complaining party has a plain, adequate, and complete remedy at law for the right sued upon. * * * In general, where there is an administrative remedy provided by statute, it has been declared to be a plain, adequate and complete remedy, barring injunctive relief." Black River Valley Broadcasts, Inc., v. McNinch, 1938, 69 App.D.C. 311, 101 F.2d 235 at page 238.

Rice v. Walls, 6 Cir., 1954, 213 F.2d 693, 697, quotes with approval the language of Circuit Judge Miller, sitting on a three Judge court in Morgan v. United States (Schmid v. United States) D.C.Ky.1952, 107 F.Supp. 501:

"* * * 'The rule appears well settled that where a statute provides for an administrative remedy a party is not entitled to injunctive relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. (Citing cases.) The rule is applicable in the present case even though the plaintiffs' constitutional rights are alleged to be violated. (Citing cases.) * * * Plaintiff's rights are thus fully protected by the administrative procedure provided by the Act, and they should be required to pursue that remedy instead of seeking injunctive relief through the pending actions.' Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; and Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839, were cited as authority for the last-stated proposition * * *".

(b) Equity Speaks of the Present and In Futuro

The rights of the parties at the time the decree is rendered ought to govern the court in rendering the decree, Randel v. Brown, 1844, 2 How. 405, 423, 11 L.Ed. 318. "* * * A court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought, but will give relief appropriate to events occurring pending the suit. 21 C.J. 137. 'Equity acts in the present tense', and molds its 'decree to actualities not history.' Continental Securities Co. v. Interborough Rapid Transit Co., D.C.N.Y., 207 F. 467, 471, affirmed, 2 Cir., 221 F. 44; 32 C.J. 76, § 63." Champion Spark Plug Co. v. Reich, 8 Cir., 1941, 121 F.2d 769, 772, certiorari denied 314 U.S. 669, 62 S.Ct. 130, 86 L.Ed. 535.

It is therefore "axiomatic that a court of equity must determine the issues before it as of the day of determination * * * a change in conditions may, even if it does not call for total denial of relief, affect the quantum of relief. Nay, more, it may call for relief

in the light of changed conditions which would not have been warranted before." Brooks Bros. v. Brooks Clothing of California Ltd., D.C.S.D.Cal.1945, 60 F.Supp. 442, 456, affirmed, 9 Cir., 158 F.2d 798, certiorari denied 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840.

Thus the question of injunction is determined by facts existing at the time of trial and not at the time suit was instituted, Andersen v. Shipowner's Ass'n of the Pacific Coast, 9 Cir., 1929, 31 F.2d 539, 543. For example, a law passed after a decree by a lower court "must be given effect in deciding the appeal, since the case involves only relief by injunction, and this operates wholly in futuro. Duplex Printing Press Co. v. Deering, 254 U.S. 443, 464, 41 S.Ct. 172, 65 L.Ed. 349." Texas Co. v. Brown, 1921, 258 U.S. 466, 474, 42 S.Ct. 375, 378, 66 L.Ed. 721. And if an adequate remedy at law should become available after the bill for injunction is filed equity will not exercise jurisdiction since an action for injunctive relief speaks as of the date of its decree, Tilbrook v. Forrestal, D.C.D.C.1946, 65 F.Supp. 1, 4.

With the foregoing basic principles in mind we turn to their application to the problem at hand, i. e. suppressing evidence allegedly obtained by illegal search and seizure.

## (1) Pre-Indictment Equity Suit.

Where a defendant or prospective defendant now seeks, prior to indictment, to maintain an equity suit, notwithstanding the existence of Rule 41(e), we think his suit lacks equity and it should be dismissed without prejudice to a motion under Rule 41(e). He has a plain, adequate and speedy remedy at law.

## (2) Post-Indictment Equity Suit or Post-Indictment Motion.

Where the defendant, (1) files his equity suit after a return of an indictment, or (2) files a motion in the civil case after the return of an indictment (as here) we think that the trial court should summarily dismiss his action and/or his motion for lack of equity without prejudice to the filing of a motion under Criminal Rule 41(e).[7] The moving party has a plain, speedy and adequate remedy at law.

## (3) Return of Indictment While Civil Action or Motion Therein is Pending

Where during the pendency of the civil action or pending a ruling on a motion in the civil action, an indictment is returned against the moving party, we think the civil action and/or the civil motion should be dismissed summarily for lack of equity. The court cannot close its eyes to the fact that an indictment has been returned and this change in situation must be considered in determining whether equitable relief may be granted as clearly demonstrated by the cases cited (supra). Equitable relief "operates only in futuro, and the right to it must be determined as of the time of the hearing." Duplex case, supra, 254 U.S. at page 464, 41 S.Ct. at page 175.

## (4) Indictment Returned After Appeal Taken From a Pre-Indictment Order in a Civil Proceeding.

Various cases have held that the later return of an indictment does not moot or affect the appealability of an order in an independent proceeding, *made prior* to indictment. Hoffritz v. United States, 9 Cir., 1956, 240 F.2d 109, 111; Lapides v. United States, 2 Cir. 1954, 215 F.2d 253, 254; Goodman v.

7. Where the moving party seeks his relief before indictment or after indictment by equitable proceedings, rather than under Rule 41(e), it would seem that the court would have two alternatives, neither of which would do violence to the moving party's rights:—(1) Treat the equity proceeding as a motion under Rule 41(e) and try it as such, (2) Dismiss the equity proceedings and permit a motion to be made under Rule 41(e). The latter alternative is clearly preferable on the basis of logic and in the interest of expeditious and orderly proceedings in criminal matters.

Lane, 8 Cir., 1931, 48 F.2d 32. See Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382, 389, certiorari denied 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672.

If the order appealed from is made in a Rule 41(e) proceeding prior to indictment, we do not now contend that its appealability should be mooted by the later return of an indictment, although we think this rule might well be changed by statutory amendment if necessary.

■ But where the appeal pends from a decree in an equity proceeding, we see no sound reason why the later return of an indictment should not moot the appeal. This would merely be the application of equity principles to the appeal; and the moving party would have an orderly and speedy remedy under Rule 41(e) in the criminal proceeding. The unhappy spectacle of delaying a criminal case for several years before trial would be avoided.

Appellants in such situations may contend that the return of the indictment is an interference with appellate jurisdiction. We think appellate courts upon proper consideration of the applicable equitable principles, will not be misled by the suggestion that their prerogatives have been trampled on or improperly affected.

We think it unfortunate that the question of the application of equitable principles to civil actions seeking relief which could be granted under Rule 41(e), has not been raised in the appellate courts, and has only been casually considered in a few cases.

The question was not raised in Hoffritz v. United States, 9 Cir., 1956, 240 F.2d 109, nor in Weldon v. United States, 9 Cir., 1952, 196 F.2d 874. We think that had the proposition been squarely raised, the result in those cases might well have been different.

The problem has been raised and considered as to motions to suppress involving the Fifth Amendment (alleged self incriminatory matter) in Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382. The problem is squinted at but not called by name or developed in Biggs v. United States, 6 Cir., 1957, 246 F.2d 40, which likewise involved the Fifth Amendment (self incrimination problem).

Of course such cases are not strictly within Rule 41(e), since the rule is limited to searches and seizures in violation of the Fourth Amendment.

We have searched the books in vain, both in the older cases prior to the adoption of Rule 41(e) and in the cases subsequent, for some application of the equitable principles here considered, to the problem at hand, i. e. searches and seizures allegedly violating the Fourth Amendment. Many of the cases speak of the equitable character of the proceedings. But none discuss whether or not the well known motion to suppress, which existed by case law prior to the adoption of Rule 41(e), was an adequate remedy at law; and none of the cases after the adoption of Rule 41(e) discuss the problem.

Nor do any of the cases apply the principle that equity acts only *in futuro* and speaks as of the date the decree is to be rendered or denied.

We welcome an appeal in this matter, and only hope that the research we have done and the matters we have presented, may sufficiently interest the judges of the court of appeal to the end that an appellate court decision may be forthcoming, passing upon this question.

Nothing could be more salutary to the speedy and prompt administration of criminal justice than for an appellate court to put its stamp of disapproval on the dilatory tactics evidenced by the so-called independent actions in equity and instead require a use of, or adherence to, the adequate remedy set forth in Rule 41(e).

■ In our case the civil action was filed November 13, 1957. Prior to indictment an application ex parte, for a temporary restraining order was made and refused. On November 14, 1957, an indictment was returned. On November 19, 1957, a motion for a preliminary injunction was filed, served and properly

noticed for hearing. On December 4, 1957, the motion was dismissed without a hearing for want of equity, in view of the pendency of the criminal proceeding. A formal order was signed and filed December 6, 1957. Plaintiffs have appealed from this order.

If this motion, made and ruled on after indictment was returned, is considered "so closely associated with the criminal proceeding as to be deemed a part of it," Cogen v. United States, 1929, 278 U.S. 221, 227, 49 S.Ct. 118, 120, 73 L.Ed. 275, or is "merely a procedural step in a pending trial" which "must be determined by particular circumstances" of the case, United States v. Wallace & Tiernan Co., 1949, 336 U.S. 793, 802, 69 S.Ct. 824, 829, 93 L.Ed. 1042, then the order is not independently appealable and this is the end of the controversy in this civil case. United States v. Williams, 4 Cir., 1955, 227 F.2d 149, written by Chief Judge Parker, is directly in point. A motion to suppress was made on September 9, 1954. The indictment was filed November 15, 1954. The motion to suppress was decided on May 17, 1954. The government appealed claiming the motion to suppress was a civil matter and that there was a 60 day period to appeal. The court dismissed the appeal and held "In so far as it (the motion) related to the suppression of the evidence, the order was clearly interlocutory and not independently appealable" (at page 151).

Also in point is the latest statement of the Supreme Court in Carroll v. United States, 1957, 354 U.S. 394, 404, 77 S. Ct. 1332, 1339, 1 L.Ed.2d 1442, "But a motion made by a defendant *after* indictment, and in the district of trial has none of the aspects of independence just noted, as the Court held in Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. As the opinion by Mr. Justice Brandeis explains, the denial of a pre-trial motion in this posture is inter-

locutory in form and real effect, and thus not appealable at the instance of the defendant." [Emphasis supplied.]

If the order be found appealable, as an appeal in an equity matter, then the principles of equity would seem to require the appellate court to consider the changed conditions brought about by the return of the indictment and to dismiss the appeal.

### Ruling

Accordingly, the court on December 6, 1957, made a written order as follows, "This civil action was filed before the return of the indictment against the plaintiffs and under case law the court then had jurisdiction of the action, and under the cases might have heard and determined such a motion.[8] That however, is not our case.

In an action at law as contrasted with one in equity, relief is granted on the basis of the facts as they exist when the complaint (or supplemental complaint) is filed.

In equity, relief is granted or denied based on the factual situation existing at the time the determination is made.

Plaintiffs allege they have no plain, speedy and adequate remedy at law. This is a necessary predicate for equitable relief and must appear before equitable relief can be granted.

The undisputed facts, existing on the day of the hearing, demonstrate without question that the broad allegation that plaintiffs have no plain, speedy and adequate remedy at law is untrue.

An indictment pends against both plaintiffs. It is on the court's calendar this day for arraignment of the defendants (plaintiffs herein), and for their plea. It was returned *after* the filing of this civil case but *before* the filing of their motion for preliminary injunction. Rule 41(e) Federal Rules of Criminal

---

8. This ruling and order was made before the opinion herein was prepared. In view of what we have here said, we now strike the first paragraph of the ruling. It was however in the order as originally made.

Procedure, provides for a motion to suppress evidence.

Plaintiffs thus had, at the date of filing their motion for preliminary injunction, and more important, on the date of this hearing, an adequate remedy at law. The granting of a motion to suppress will secure plaintiffs all the relief they could obtain by this civil motion.

Clearly the court is not required to exercise its equitable jurisdiction if a necessary predicate or prerequisite to that jurisdiction is absent.

Therefore, on the suggestion of the United States Attorney, and on the undisputed record of the files of this court, the court on its own motion, declines to exercise its equitable jurisdiction and declines to hear any evidence or grant any relief as prayed by plaintiffs in their motion.

The plaintiffs will be arraigned on the indictment pending against them. Their plea, at their counsel's request, will be continued to December 16th, 1957, at 10 A.M., and counsel for defendants, if he is so advised, may notice a motion to suppress evidence under Criminal Rule 41(e) for December 16, at 10 A.M.*

---

\* After disposition of this matter, defendants sought writs of mandamus and prohibition to prevent the Court from proceeding with the pending criminal action. On January 8, 1958, the Court of Appeals for the Ninth Circuit disposed of the petitions with the following order:

Order Denying Petition for Writ of Mandamus, etc.

Before STEPHENS, Chief Judge, and LEMMON and BARNES, Circuit Judges.

PER CURIAM.

In this matter, petitioners are before this Court on three motions:

First, petitioners seek a writ of mandamus directed to the Honorable James M. Carter, United States District Judge for the Southern District of California, requiring him to hold a hearing to determine whether certain evidence allegedly illegally seized should be suppressed, and whether the indictment heretofore returned against petitioners should be quashed in the case of Evan W. Rodgers, and E. Nadine Rodgers, v. United States, No. 2083-SD-Civil.

Secondly, petitioners seek a writ of prohibition directed to the Honorable James M. Carter, United States District Judge for the Southern District of California, prohibiting him from proceeding further in certain criminal proceedings now pending in that District Court, entitled United States v. Evan W. Rodgers and E. Nadine Rodgers, No. 27110-SD-Criminal.

Thirdly, petitioners seek a writ of mandamus directed to the Honorable James M. Carter, United States District Judge for the Southern District of California, requiring him to set aside a certain Order dated December 24, 1957, denying the petitioners' motion to suppress evidence in the case of United States v. Evan W. Rodgers and E. Nadine Rodgers, No. 27110-SD-Criminal.

Good cause appearing therefor, it is hereby ordered that said petitions for said writs are, and each of them is, hereby denied.