## UNITED STATES v. SINEIRO.
### No. 10443.
United States Court of Appeals,
Third Circuit.

Submitted Oct. 16, 1951.

Decided Nov. 27, 1951.

Writ of Certiorari Denied March 24, 1952.

See 72 S.Ct. 634.

See also 190 F.2d 397.

Jacob J. Kilimnik, Philadelphia, Pa., for appellant.

Gerald A. Gleeson, U. S. Atty., James C. Bowen, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

The appellant, while in custody of the Immigration and Naturalization Service under an administrative warrant regularly issued, was interviewed by agents of the Service and gave them a signed statement in which he admitted that he had entered the United States illegally.

Thereafter a complaint was filed by an agent of the Service in Baltimore charging the appellant with illegal entry into the United States by eluding examination by Immigration officials, in violation of Title 8 U.S.C.A. § 180a. A warrant issued, the appellant was arrested in Philadelphia and immediately taken to the United States Commissioner in Philadelphia for a hearing. At the hearing, the government offered in evidence the appellant's written statement above referred to. It was received over the objection of his counsel and he was held in $500 bail to appear in Baltimore.

The appellant then filed a motion in the District Court for the Eastern District of Pennsylvania to quash the warrant and suppress his statement. A hearing was held the next day and the District Judge dismissed the motion. This appeal followed. The motion to quash and suppress was based upon several grounds of which the only one that need be noted is that the appellant, although warned that any voluntary statement could be used against him in a criminal proceeding, was not told that he could remain silent and not make any statement.

It appears that before the statement was taken the agent said, "You are informed that I am an officer of the United States Im-

migration and Naturalization Service * * I desire to take a statement from you * * Any statement which you make must be voluntary on your part and may be used in any proceedings the Government may see fit to institute, whether civil or criminal. Are you willing to make such a statement freely and voluntarily under oath?" The appellant is a Portuguese with little, if any, knowledge of the English language, but there is no dispute that there was a qualified interpreter present and that what the agent said was correctly interpreted for his benefit.

In United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 899, 88 L.Ed. 1140, a confession, obtained while the defendant was in custody without commitment but not shown to be obtained by improper pressures, was held to be admissible in evidence against him in criminal proceedings and, further, that the circumstances of legality attending the making of the confession were not nullified by a subsequent prolonged detention without arraignment. In a concurring opinion Mr. Justice Reed said "The juristic theory under which a confession should be admitted or barred is bottomed on the testimonial trustworthiness of the confession. If the confession is freely made without inducement or menace, it is admissible."

In our opinion, the words of the agent "Are you willing to make such a statement freely and voluntarily under oath? * * *. Any statement which you make must be voluntary * * *." were sufficient, if understood by the appellant, to apprise him of his right not to make any statement. They were translated into his language and there is no evidence that he did not understand them. The fact that a person making an inculpatory statement may have been, at the time, without counsel and in custody, even without commitment does not, without more, raise any presumption that the statement is not freely and voluntarily made. In the present case it appears that the appellant was adequately apprised of his constitutional right and it does not appear that his confession was otherwise than voluntary.

The order of the District Court is affirmed.