**CHIEFTAIN PONTIAC CORP. et al.**
v.
**JULIAN, U. S. Atty.**
No. 4787.

United States Court of Appeals
First Circuit.
Argued Jan. 5, 1954.
Decided Jan. 21, 1954.

**658**

Thomas W. Lawless, Boston, Mass., for appellants.

James J. Sullivan, Jr., Asst. U. S. Atty., Boston, Mass. (Anthony Julian, U. S. Atty., Boston, Mass., with him on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

We have before us appeals from an order of the district court entered February 27, 1953, dismissing, upon authority of our decision in Centracchio v. Garrity, 1952, 198 F.2d 382, certiorari denied 1952, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672, three pre-indictment petitions for the return of property and for the suppression of evidence. By order of this court the appeals were consolidated and heard upon a single record, since they present the same question.

The petitioners were Chieftain Pontiac Corporation, Clayton B. Luckenbach, and Alvin E. Godshall, officers and sole stockholders of the corporate petitioner.

In substance the three petitions alleged the following: That respondent United States Attorney had given notice of intention to present certain evidence to the grand jury to the end that an indictment against petitioners might be obtained for violations of the Internal Revenue Code, 26 U.S.C.A. § 1 et seq., in respect of their income tax returns for the years 1946, 1947 and 1948; that on April 25, 1949, two special agents of the Internal Revenue Bureau called on petitioners and represented that they were investigating possible income tax violations of a third party and that they desired to examine the books and papers of petitioners with reference thereto; that in a later conversation with said special agents petitioners indicated that there were some irregularities with reference to their own tax returns, and were informed by the said agents of the so-called "voluntary disclosure policy" theretofore announced by the Treasury Department, to the effect that the Commissioner of Internal Revenue does not recommend criminal prosecution in the case of any taxpayer who makes a voluntary disclosure of omissions or other misstatements in his income tax return before an investigation of his income tax liabilities is under way; that the said agents falsely and fraudulently represented to and assured petitioners that their income tax liabilities were not under investigation by the Treasury Department, and therefore that they were eligible to obtain the benefit of this voluntary disclosure policy; that in fact said special agents then knew, and petitioners did not know, that an investigation of petitioners' affairs was currently pending, and then intended, in the event of disclosure, to instigate criminal prosecutions against petitioners; that in reliance upon these fraudulent representations petitioners proceeded to make a full and complete disclosure, including a written admission that their income had been understated for the years in question, and furnished said government agents a list of all customers during the period involved, all duplicate sales vouchers, checks, records and files and other information necessary to enable the agents to determine petitioners' income tax deficiencies; that the turning over of the papers and documents, under the circumstances, "was not voluntary but in effect was an illegal search and seizure of said papers"; that the papers thus turned over to the government came into the possession of the respondent U. S. Attorney, who was preparing to use the same in obtaining grand jury indictments against petitioners. It was prayed in the petitions that the district court enter an order directing that all

the statements and other material supplied by petitioners to the said agents be suppressed as evidence in any grand jury hearing or other criminal proceedings against the petitioners, and that all of the said papers in the hands of the U. S. Attorney be returned to petitioners.

A full hearing was held on the petitions, at which evidence was taken. The district court, without making specific findings of fact on the conflicting evidence as to whether the Treasury agents had made the fraudulent representations as alleged, did find that petitioners had *voluntarily* turned over the evidence and made the disclosures for the purpose of a determination of their income tax liabilities." In the light of this "indisputable fact" the district court felt obliged to dismiss the pre-indictment petitions on the authority of the Centracchio case, supra.

■ After the entry of this order of dismissal, petitioners filed in the district court a timely motion to vacate the order and to make findings of fact on the contested issue of fraud. In effect what petitioners sought by this motion was a new order by the district court in the opposite sense from the order of dismissal. It was not a motion directed at mere matters of form.

Without waiting for the district court to pass on this motion to vacate, petitioners filed their respective notices of appeal from the original order.

Appellee suggests that the present appeals are premature for the reason that the pendency in the district court of this undisposed-of motion to vacate deprives the order in question of that finality which is essential to appealability. We think that this is so, and that the present appeals will have to be dismissed for lack of jurisdiction. United States v. Crescent Amusement Co., 1944, 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160; Leishman v. Associated Wholesale Electric Co., 1943, 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714.

Just in case we are mistaken on this jurisdictional point, we deem it proper to indicate briefly our view on the merits.

■ We think that appellants are probably right in insisting that findings of fact on relevant issues are required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in the case of a pre-indictment petition for the suppression of evidence, since such petition initiates an independent proceeding of a summary character against the U. S. Attorney as an officer of the court, and is tried upon the facts by the court without a jury. Evidently the district court refrained from making a finding of fact on the conflicting evidence as to whether the special agents had made the fraudulent representations as alleged because of the view that, even if such fraud were found as a fact, the disposition of the petitions to suppress would be the same. We agree with that view. The district court in its opinion has found all the facts necessary to a disposition of the case.

■ In our opinion in the Centracchio case, supra, we tried to indicate our general lack of enthusiasm for these petitions to suppress evidence, filed at a pre-indictment stage. We are not disposed to sanction the use of such a remedy except in obedience to the clear mandate of controlling Supreme Court decisions. The leading cases are cited in our Centracchio opinion. So far as we are aware, the Supreme Court has approved of the use of pre-indictment petitions for the suppression of evidence only in cases where the evidence came into the possession of the authorities in consequence of an unlawful search and seizure forbidden by the Fourth Amendment.

■ Even if the government agents obtained the voluntary disclosures from appellants by the guile of a false representation that no investigation was pending and that appellants were therefore eligible to obtain the benefit of the Treasury's voluntary disclosure policy, still we think it could not be said that such stratagem constitutes an unreason-

able search and seizure within the meaning of the Fourth Amendment. Cases like Gouled v. United States, 1921, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647, are not in point, for there a government agent, under the false pretense of making a social call, gained admittance to the defendant's office, and in defendant's absence and without a warrant laid hold of his private papers and carried them off.

It may be that, quite independent of constitutional requirements, a rule of evidence should be formulated for federal criminal trials to the effect that evidence obtained from the taxpayer by the method alleged should not be admissible against him at a trial on a subsequent indictment. The order now appealed from leaves that question open, for it is expressly stated in the order that the dismissal of the pre-indictment petitions is "without prejudice to the right of the petitioners, in the event of indictment, to raise at some appropriate stage, whether before or during the trial, the question as to the admissibility of the evidence disclosed." In thus specifying that the dismissal should be without prejudice, the district court was merely following what we said in the Centracchio case, 198 F.2d at page 388, that such questions as to the admissibility of evidence which may be produced by the government at some future criminal trial ought not to be determined by the district court, or by us on appeal, upon petitions like the present ones for the suppression of evidence prior to indictment.

*The three appeals from the order of the District Court are dismissed for lack of jurisdiction.*

WOODBURY, Circuit Judge.

I concur in the result and in all that is said in the opinion of the court except that I do not care to commit myself now to the proposition that a search made as a result of a fraudulent misrepresentation would not be an unreasonable search within the meaning of the Fourth Amendment.