Raymond A. BIGGS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12999.

United States Court of Appeals
Sixth Circuit.

July 5, 1957.

Paul W. Walter, Cleveland, Ohio, Robert L. Musser, Cleveland, Ohio, on the brief; Walter & Haverfield, Cleveland, Ohio, of counsel, for appellant.

George E. Woods, Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Raymond A. Biggs, filed a petition in the District Court seeking to suppress certain documentary evidence which the petition claims was obtained from him in violation of his rights guaranteed under the Fifth Amendment to the Constitution of the United States which provides that no person "shall be compelled in any criminal case to be a witness against himself." It was alleged that the District Attorney intended to present to the Grand Jury the evidence so obtained in order to obtain an indictment against the appellant for violation of the Internal Revenue Laws in the filing of income tax returns for the years 1946 and 1947.

The petition alleged that about the middle of February 1949 a revenue agent and a special agent of the Intelligence Unit of the Bureau of Internal Revenue, who were investigating the income tax affairs of the appellant, requested permission to examine appellant's records showing the amount of fees received by him during the taxable years of 1946 and 1947; that appellant, after consulting his attorney, informed his attorney that he would not under any circumstances turn over certain books that he had, showing records of professional receipts for the years in question unless he had absolute assurance that he would not be prosecuted for violation of any laws of the United States; that appellant's attorney so informed Giles Kavanagh, the then Collector of Internal Revenue at Detroit, Michigan, who after looking into the matter, advised the attorney that the Government did not consider appellant's case an appropriate one for prosecution and that appellant would be safe turning over his books in order to facilitate the determination and payment of appellant's tax liability; that appellant, upon being advised by his attorney of this assurance, delivered to the Internal Revenue Agent and Special Agent investigating the case, two Lawyer's Handy Books, one for 1946 and the other for 1947, which contained the names of patients and the amounts collected day by day during those years; that after obtaining such books the investigating agents used the information contained therein as a basis for a recommendation of prosecution of the appellant; and that said information was turned over to the United States Attorney who intended to present it to the Grand Jury as a basis for an indictment to be returned against the appellant. The petition prayed that an order be entered restraining the United States Attorney from using as evidence before the Grand Jury or in any criminal prosecution of the appellant, the said books of the appellant or any information obtained directly or indirectly from the books, and that the books and any information obtained from them be suppressed as evidence in any criminal prosecution of the appellant. Appellant filed in support of the petition Exhibit "A", being the affidavit of his attorney, and Exhibit "B", being a statement of Giles Kavanagh, since deceased.

The Government filed a motion to dismiss the petition on the grounds (1) that the petition was lacking in equity and (2) that the issue was prematurely raised.

The District Judge was of the opinion, in accordance with the views expressed

in Centracchio v. Garrity, 1 Cir., 198 F. 2d 382, certiorari denied 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672, that there was no authority sanctioning judicial interference of this nature with the action of a United States Attorney in the administration of criminal law, *at a pre-indictment* stage, in other than search and seizure cases, and dismissed the petition for want of equity. On the same day, but after the entry of the order, an indictment was returned against appellant for income tax violations for the years 1946 and 1947.

On appeal to this court from the order dismissing the petition, an order was entered on February 19, 1954, denying the Government's motion to dismiss the appeal, reliance being placed upon In re Fried, 2 Cir., 161 F.2d 453, 1 A.L.R.2d 996, certiorari granted 331 U.S. 804, 67 S.Ct. 1755, 91 L.Ed. 1826, writ dismissed on motion of counsel for the petitioner, 332 U.S. 807, 68 S.Ct. 105, 92 L.Ed. 384. The cause was remanded to the District Court with instructions to pass upon the merits of the motion.

Following the hearing in the District Court, the District Court ruled that the evidence sought to be suppressed was not obtained in violation of any of petitioner's constitutional rights and denied the petition to suppress, but without prejudice to petitioner's right to challenge at the trial the competency or incompetency of the evidence sought to be suppressed. The case is again before us on this second appeal.

Since our order of February 19, 1954, on the prior appeal, we have had presented to us and ruled upon the general question of pre-indictment motions to suppress evidence. Benes v. Canary, 6 Cir., 224 F.2d 470, certiorari denied 350 U.S. 913, 76 S.Ct. 197, 100 L.Ed. 801. In that case we cited with approval Centracchio v. Garrity, supra, and Chieftain Pontiac Corp. v. Julian, 1 Cir., 209 F.2d 657, which hold that under Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A. pre-indictment petitions for the suppression of evidence are authorized only in cases where the evidence comes into the possession of the authorities in consequence of an unlawful search and seizure forbidden by the Fourth Amendment. We ruled as premature and refused to consider so much of the motion to suppress in that case as was based upon the contention that the evidence had been improperly obtained by the Government through reliance by the petitioning taxpayer upon the Treasury's "voluntary disclosure" policy, which the Government, after obtaining the evidence, was not adhering to. The issues in that case and the present case are analogous.

The Second Circuit in In re Fried, supra, makes an exception to the general rule, approved by us in Benes v. Canary, supra, by broadening the scope of pre-indictment petitions to suppress to include cases involving violations of constitutional rights under the Fifth Amendment as well as under the Fourth Amendment. The three separate opinions of the three members of the Court indicate the restricted type of case to which the exception was made applicable, one member of the Court approving the exception only in cases involving a violation of the petitioner's constitutional rights under the Fifth Amendment, and another member of the Court refusing to approve the exception even in its restricted application. That case involved a confession obtained by threats of physical violence and "third degree" police methods, a factual situation far different from the one disclosed in this case. See also: United States v. Sineiro, 3 Cir., 190 F.2d 397; Id., 3 Cir., 193 F.2d 136, certiorari denied 343 U.S. 904, 72 S.Ct. 634, 96 L.Ed. 1323.

Since the exception made to the general rule in In re Fried, supra, is limited to cases involving petitioner's constitutional rights under the Fifth Amendment, there may be considerable doubt of its applicability to the present case. Accepting the allegations in appellant's petition at their face value, the evidence may be inadmissible but not because it involves a violation of constitutional rights. Chieftain Pontiac Corp. v. Juli-

an, supra, 1 Cir., 209 F.2d 657, 659–660; Brink v. United States, 6 Cir., 148 F.2d 325, 328; United States v. Klapholz, 2 Cir., 230 F.2d 494, 496–497, certiorari denied 351 U.S. 924, 76 S.Ct. 781, 100 L. Ed. 1454. Compare: McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314, where incriminating statements made by the defendants were held inadmissible because of statutory violations rather than on constitutional grounds, and Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, involving the defense of entrapment. Actually, it is questionable whether the petitioner can even successfully prevent the use of such evidence when it is offered at the trial. Olmstead v. United States, 277 U.S. 438, 468, 48 S.Ct. 564, 72 L.Ed. 944; Grimm v. United States, 156 U.S. 604, 610, 15 S.Ct. 470, 39 L.Ed. 550; On Lee v. United States, 343 U.S. 747, 757–758, 72 S. Ct. 967, 96 L.Ed. 1270; Goldman v. United States, 316 U.S. 129, 135, 62 S.Ct. 993, 86 L.Ed. 1322; Whiskey cases (United States v. Ford), 9 Otto 594, 99 U.S. 594, 25 L.Ed. 399; Wellman v. United States, 6 Cir., 227 F.2d 757, 770; O'Malley v. United States, 8 Cir., 128 F.2d 676, 684–685; Mattes v. United States, 3 Cir., 79 F.2d 127. See: Irvine v. California, 347 U.S. 128, 134–135, 74 S.Ct. 381, 98 L.Ed. 561. However, we do not here attempt to answer such questions, but merely refer to them as part of the background against which our question must be considered.

There is no attempt in the present case to deprive the appellant of any rights which he might have to prevent the use of evidence complained of in the prosecution of the pending indictment against him. It is a question of procedure rather than one of substantive law. When and in what manner the objection to its use is to be made is the question involved.

We think this question is controlled by Rule 41(e), Federal Rules of Criminal Procedure. There, dealing with motions to suppress evidence before trial, the procedure is limited to evidence obtained by unlawful search and seizure, involving the Fourth Amendment. Questions involving the Fifth Amendment are not included. The reasons for not including questions involving self-incrimination under the Fifth Amendment are well explained in Centracchio v. Garrity, supra, and in the concurring and dissenting opinions in In re Fried, supra. As pointed out in the opinions in those cases it seems reasonable to conclude that the failure of the rule to make any provisions for the suppression of confessions before trial meant that it was intended that such questions, similar to questions about the competency of other evidence, be dealt with at the trial by the tribunal before which they were sought to be introduced. If it is advisable that the rule be broadened in scope, it should be accomplished through the authorized procedure for amending the rules, rather than by judicial decision. The Supreme Court has not indicated its approval of such an amendment or of the construction given to the rule by In re Fried, supra. Accordingly, we are of the opinion that the appellant was not entitled to present and litigate in a pre-indictment proceeding the admissibility of the evidence involved in this case and the petition was properly dismissed as a matter of law.

However, in case we should be wrong in this conclusion, we will briefly consider the case on its merits. Appellant is, of course, entitled to the protection afforded him by the Fifth Amendment. If the books were delivered by him to the government agents involuntarily, such as by reason of force or intimidation, they can not be used as evidence against him. In re Fried, supra, 2 Cir., 161 F.2d 453, 1 A.L.R.2d 996; United States v. Abrams, D.C.Vt., 230 F. 313; United States v. Wolrich, D.C.S.D.N.Y., 129 F.Supp. 528. Appellant contends that the same rule is applicable if he made a voluntary disclosure in reliance upon promises of immunity from criminal prosecution. United States v. Shot-

well Manufacturing Co., 7 Cir., 225 F.2d 394, 406; In re Liebster, D.C.E.D.Pa., 91 F.Supp. 814. See: Brink v. United States, supra, 6 Cir., 148 F.2d 325, 328; Centracchio v. Garrity, supra, 1 Cir., 198 F.2d 382, 388; McNabb v. United States, supra, 318 U.S. 332, 341, 63 S.Ct. 608, 87 L.Ed. 819. Compare: United States v. Shotwell Manufacturing Co., supra, 225 F.2d 394, dissenting opinion at page 406. It was unnecessary for us to rule on the question in Benes v. Canary, supra, 6 Cir., 224 F.2d 470, 473. Assuming, without deciding, that the contention is well taken, we are nevertheless of the opinion that the judgment should be affirmed.

■ It is settled law that the privilege against self-incrimination does not preclude the admission into evidence of documents voluntarily given to a revenue agent in a civil tax investigation without promise of immunity and in the absence of fraud or misrepresentation, even though the taxpayer did not anticipate criminal prosecution. White v. United States, 5 Cir., 194 F.2d 215; United States v. Wolrich, D.C.S.D.N.Y., 119 F. Supp. 538; Moyer v. Brownell, D.C.E.D. Pa., 137 F.Supp. 594, 608–610.

■■ Whether the books were voluntarily surrendered by the appellant or were obtained under a promise of immunity or through fraud or misrepresentation on the part of the Government is a question of fact. The District Judge in his opinion reviewed the evidence in detail and found that the surrender of the two books by petitioner was voluntary, uninduced by any threats, promises or assurances made to him directly by any agent or official of the Bureau of Internal Revenue and that no fraud, trickery or any unlawful device was used by agents of the government in obtaining the evidence which is sought to be suppressed. These findings are not clearly erroneous, and must be accepted on this appeal. Based on these findings, the District Court's ruling that the evidence sought to be suppressed was not obtained in violation of any of petitioner's constitutional rights, is not erroneous.

The judgment is affirmed.