Benjamin Brenner, J.
Petitioner seeks an order restraining the District Attorney, the respondent herein, from the use of certain records and testimony against the petitioner and for their return. More specifically, he seeks to restrain him from presenting said records and testimony before the Grand Jury for the purpose of obtaining an indictment of petitioner.
Petitioner contends that said testimony, in the nature of a confession, was obtained from him in such manner as to violate his right to due process of law under the Fourteenth Amendment to the Federal Constitution and that the books and records were obtained as a result of an unlawful search and seizure, contrary to the Fourth Amendment and the due process clause of the Fourteenth Amendment. He charges that the Chief Investigator for the Judicial Inquiry of the Appellate Division, Second Department, induced him to become intoxicated and that while in such state of intoxication he made the statements and consented to turn over the books and records contained in such records and testimony. Respondent contends that this court is without authority, both in law and in the exercise of discretion, to grant the order sought herein.
The first question to consider is whether the testimony, claimed to be a forced confession, may be suppressed prior to its use before the Grand Jury. Only one case has 'been brought to the attention of the court in which any court of this State has considered the question. In People v. Nentarz (142 Misc. 477) the defendant moved to suppress an alleged confession subsequent to its having been presented to the Grand Jury but prior to his trial. The court there said: ‘ ‘ There is no recognized procedure for the suppression by motion of an alleged confession. The defendant has an opportunity at the trial to object to the admission of any confession and to test its admissibility and this, is his only remedy. The objectionable statement *488 may not be offered in evidence and the defendant is anticipating its use on the trial in this motion. Even if an alleged confession is used before the grand jury, it will not be suppressed on motion. ’ ’
In support of his contention petitioner cites the case of Matter of Fried (161 F. 2d 453, cert. granted sub nom. United States v. Fried, 331 U. S. 804, cert. dismissed on motion of appellant sub nom. United States v. Fried, 332 U. S. 807), in which the Second Circuit Court of Appeals (Frank, J.) held that a motion to suppress a confession would lie where it had been obtained in violation of the Fifth Amendment.
Judge Learned Hand’s concurrence in this two to one decision was based on the very limited grounds that the “ force of consistency ’ ’ required him to extend subdivision e of rule 41 of the Federal Rules of Criminal Procedure to confessions procured in violation of the Fifth Amendment. That rule, which has no counterpart in the statutes or rules of this State, provides, in substance, that where evidence has been seized in violation of the Fourth Amendment it may be suppressed and returned to its lawful owner on a proper motion made before trial. In contrast, it appears that Judge Frank predicated his decision on the broad substantive grounds that confessions shown to have resulted from a violation of constitutional rights should be suppressed, regardless of procedural rules. This decision has been followed by several district courts. (United States v. Skeeters, 122 F. Supp. 52, 56 [1954]; United States v. Klapholz, 17 F. R. D. 18, affd. 230 F. 2d 494, 498 [1955].) On the other hand, this view has been rejected by other Federal circuit courts (Benes v. Canary, 224 F. 2d 470, 472 [C. A. 6th, 1955], cert. denied 350 U. S. 913; Biggs v. United States, 246 F. 2d 40, 42 [C. A. 6th, 1957]; Chieftain Pontiac Corp. v. Julian, 209 F. 2d 657, 659 [C. A. 1st, 1954]; Centracchio v. Garrity, 198 F. 2d 382, 387 [C. A. 1st, 1952]).
Where attempts have been made to apply such a theory in State courts, it has been rejected. (McGee v. State, 230 Ind. 423; State v. Cicenia, 6 N. J. 296 [1951].)
The problem before me is one that has perplexed democratic societies since the time when men first organized themselves into social groups. It was succinctly stated by Judge Cardozo in People v. Defore (242 N. Y. 13, 24-25): “ The question is whether protection for the individual would not be gained at a disproportionate loss of protection for society. On the one hand is the social need that crime shall be suppressed. On the other, the social need that law shall not be flouted by the insolence of office. There are dangers in any choice.” It is, frankly, my *489 objective here to choose a course somewhere between these two sometimes opposing needs. Regardless of whether the petition is granted, the petitioner will still have the right to raise the question of due process of law if an attempt is made to use his confession upon trial. At the same time, if an indictment ensue, it may cause irreparable harm, particularly if it be subsequently dismissed or the petitioner acquitted. The possible harm, disgrace and stigma resulting thereby cannot, therefore, be entirely ignored.
Where it appears overwhelmingly on the papers before the court that the constitutional rights of the individual, whose confession may be presented to a grand jury and made the basis of an indictment, have been so obviously and flagrantly violated that it would be repugnant to any concept of “ ordered liberty ” to allow a grand jury to indict on the basis of such a confession, the court ought, in its discretion, to act to prevent its presentation. Such action would be taken in its function as a court of equity with jurisdiction over a District Attorney in his capacity as an officer of the court (Matter of McDonald v. Goldstein, 273 App. Div. 649; People v. Rodriguez, 13 Misc 2d 1004; Centracchio v. Garrity, 198 F. 2d 382, 386, supra), for where such violation is so overwhelmingly demonstrated on the papers submitted and the rights of the individual thus patently ignored, to refrain from acting would be tantamount to judicial indifference and render' the court a party to such denial of due process.
This is not to say that any petition which may allege a violation of due process should be considered or even require a hearing. On the contrary, if facts have to be developed at a hearing the petition should be denied because, in the absence of overwhelming proof of a flagrant violation of due process, the court should not interfere with the police power of the State and the duty of a District Attorney to speedily present evidence to a grand jury. Public policy demands that criminal prosecutions be expeditious and such policy includes the swift presentation to the grand jury by the District Attorney of information in his possession, a procedure which should not be deferred or hindered except where the papers clearly show a flagrant denial of due process. If the evidence presented to the court in an independent proceeding, such as in the case at bar, is less than this, then the question of the validity of the confession must keep until trial is had, at which time it may properly be raised and the requirements of due process thus met.
In the proceeding here no such obvious and patent violation of constitutional rights is overwhelmingly shown, even if I *490 were to accept as true all the facts alleged by the petitioner. Trickery, through intoxication, is not in the category of forceful injection of drugs or truth serums, though it may, if proved, render the confession inadmissible at the trial. Petitioner had the right to refuse to imbibe alcohol when interrogated and, in view of his background and his status as an attorney, it cannot be claimed that his conduct was based upon ignorance of his rights. The court therefore denies the suppression and the return of the testimony.
With regard to the books and records which petitioner asserts were obtained as a result of an unlawful search and seizure, again based on the alleged intoxication, a more readily disposable question is presented. In Wolf v. Colorado (338 U. S. 25) the court said at page 33: “ We hold, therefore, that in a prosecution in a State court for a State crime the Fourteenth Amendment does not forbid admission of evidence obtained by an unreasonable search and seizure.” The court thereby affirmed a rule (whose wisdom I join my distinguished colleague, Mr. Justice Hofstadter, in doubting [Matter of Marshall v. Kennedy, 17 Misc 2d 985]) which has consistently been followed by the courts of this State (People v. Adams, 176 N. Y. 351, affd. 192 U. S. 585; People v. Defore, 242 N. Y. 13, cert. denied 270 U. S. 657; People v. Richter’s Jewelers, 291 N. Y. 161), and which I am constrained to follow. Since such evidence is admissible at the time of trial under both the Fourteenth Amendment to the United States Constitution and section 12 of article I of the Constitution of the State of New York, in contradistinction to an involuntary confession, there appears to be no reason why this evidence should be suppressed prior to indictment. In People v. Defore (supra) the question before me was squarely presented to that court and suppression of such evidence was denied. The petition is denied. Submit order.