**UNITED STATES of America,**
**Plaintiff,**

v.

**Clarence H. MARSHALL, Defendant.**

**Crim. A. No. 16–60.**

United States District Court
District of Columbia.

Jan. 22, 1960.

Oliver Gasch, U. S. Atty., and John W. Warner, Jr., Asst. U. S. Atty., Washington, D. C., on behalf of the Government.

D. F. Gochran, of Washington, D. C.; for defendant.

HOLTZOFF, District Judge.

■ This is a motion by the defendant prior to trial to suppress statements made by the defendant to police officers subsequently to his arrest. The invariable practice in this District is to follow the prevailing procedure of not entertaining such motions, but to leave objections to the admissibility of a statement made by the defendant to be determined at the trial.[1] The situation is entirely different from that presented by motions to suppress tangible evidence obtained by an unlawful search and seizure. Such motions are expressly provided for by Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which represents an exception to the general doctrine that matters to be determined in connection with the merits of a case should not be decided piecemeal, but at the trial.

■ The Court is going to follow the prevailing practice and the practice that has invariably been pursued in this District and deny the motion without prejudice to the objection being raised at the trial if and when these statements are offered in evidence.

*Motion denied.*

---

1. Centracchio v. Garrity, 1 Cir., 198 F. 2d 382, 387; Biggs v. United States, 6 Cir., 246 F.2d 40, 43; United States v. Tuzzo, D.C.N.J., 9 F.R.D. 466; The opposite has been held in the Second Circuit with, however, a strong dissenting opinion, In re Fried, 161 F.2d 453, 1 A.L.R.2d 996.