Ormond N. Gale, J.
The defendant above named was arrested at his home in .Syracuse, New York, on a warrant dated July 11, 1963, and signed by a Judge of the City Court of the City of Syracuse. He was taken to Police Headquarters and booked at the sergeant’s desk at about 6:00 p.m. on the same day. A photostatic copy of the warrant was submitted to the court by counsel for the defendant.
The defendant was not arraigned until about 11:00 a.m. on July 12, 1963. Subsequent to his booking at 6:00 p.m. on the preceding day, July 11, 1963, a statement was taken by the police authorities from this defendant. The defendant alleges that he was refused a request to call counsel and that as a result of the statement thereafter obtained an additional charge of violation of section 483-a of the Penal Law of the State of New York was lodged against him. The defendant now moves for an order suppressing the statement secured from him on July 11, 1963, and directing the return of the statement and all copies thereof, and suppressing any evidence received orally or any other way from this statement on the grounds that it was obtained from the defendant illegally. The defendant relies primarily upon the case of People v. Santmyer (20 A D 2d 960) for the proposition that the statement taken is not admissible upon the trial of the ease.
The problem before this court is that i£ There is no recognized procedure for the suppression by motion of an alleged confession” (People v. Nentarz, 142 Misc. 477). Section 813-c of the Code of Criminal Procedure provides for such a pretrial motion where “ property, papers or things ” have been obtained as a result of an unlawful search and seizure. There is a conflict of opinion as to whether this section can be deemed to apply where a confession is involved. (Cf. People v. Steenstra-Tous *725 saint, 40 Misc 2d 43, with People v. Parisi, 42 Misc 2d 607.) (See, also, Matter of Dudley v. Ryan, 21 A D 2d 753, where an article 78 proceeding brought to suppress the use of certain statements of a defendant and his wife was denied.) Furthermore, the defendant admits that in the case at bar there is no issue as to any illegal search and seizure.
The matter of suppression of evidence was considered by our Legislature in 1962 when chapter 954 of the Laws of 1962 was enacted, establishing the procedure for the return of property unlawfully seized and the suppression of evidence obtained thereby. The Governor, in his message to the Legislature, stated: “ The recent decision of the United States Supreme Court in the case of Mapp v Ohio has had far-reaching implications. Our Courts have hitherto adhered to the rule that evidence is not inadmissible in a criminal trial simply because it was illegally obtained. So the Mapp decision has now mandated our courts to follow the so-called exclusionary rule which prohibits the introduction or use of evidence which was illegally obtained. ’5
Thereafter sections 813-c, 813-d and 813-e of the Code of Criminal Procedure were enacted into law to take care of the situation. The Legislature thereby provided a vehicle for a hearing before the court, prior to trial, with the right of appeal to the People. (See Code Grim. Pro., § 518.)
Section 813-c of the Code of Criminal Procedure “ expressly deals with ‘ property, papers or things, hereinafter referred to as property ’ ”. u Section 813-d is literally addressed only to physical evidence. * * * The section is part of title II-B of the code which deals generally with motions for the return of property or the suppression of evidence obtained as a result of unlawful search and seizure. * * * The full sense of title II-B is to provide a means of suppressing as evidence or restoring to the owner tangible evidence unlawfully seized. ’ ’ (People v. Laverne, 14 N Y 2d 304, 309.)
It would seem, therefore, by this interpretation that these suppression sections have no application to a confession, where no tangible evidence is involved.
In Matter of Miller v. Silver (22 Misc 2d 486, 489) the court, when faced with the problem of attempting to suppress a confession, stated as follows: ‘‘ Where it appears overwhelmingly on the papers before the court that the constitutional rights of the individual, whose confession may be presented to a grand jury and made the basis of an indictment, has been so obviously and flagrantly violated that it would be repugnant to any concept of 1 ordered liberty’ to allow a grand jury to indict on the basis *726 of such confession, the court ought, in its discretion, to act to prevent its presentation. * * * This is not to say that any petition which may allege a violation of due process should be considered or even require a hearing.”
In other words, it would appear that the court would have to first establish what the facts are surrounding the taking of the confession. Obviously, this could only be done by conducting a pretrial hearing. If the court ordered the suppression of the confession, the People should have an immediate right to review on appeal the action of the lower court. There is no vehicle presently in the Code of Criminal Procedure providing for a hearing, or enabling the People to appeal from such an order of suppression. Certainly an analysis of this problem and a proper judicial decision cannot be arrived at except as a result of the application of the substantive rule of law to the facts procedurally established and until there is some procedure established the present motion is premature. “ When a defendant claims that the confessions were not voluntary or that they were not lawfully obtained, or both, he must assert such claim upon the trial, not on a motion to suppress ”. (People v Merz, 20 A D 2d 918, 919.)
Such a decision as we reach in this case may not be entirely fair to a defendant who must necessarily stand trial: “ The stigma cannot be easily erased. In the public mind, the blot on a man’s escutcheon, resulting from such a public accusation of wrongdoing, is seldom wiped out by a subsequent judgment of not guilty. Frequently, the public remembers the accusation, and still suspects guilt, even after an acquittal.” (Matter of Fried, 161 F. 2d 453, 458.) (To the same effect, Matter of Miller v. Silver, supra, p. 489.)
In conclusion, therefore, it appears to this court that the stigma attached to a criminal trial is unfair to this defendant, where the papers submitted by the defendant clearly bring him within the holding of People v. Santmyer (20 AD 2d 960, supra). It is significant that the People have submitted no papers in opposition to the instant motion, although additional time to do so has been granted by the court.
It also seems that it is a waste of time and a great expense to the county to conduct a trial, where the result seems inevitable that a conviction cannot be established. As indicated above, however, until procedural steps have been taken relative to confessions, to authorize a hearing and to safeguard the rights of both the defendant and the People, as the Legislature has done by enacting sections 813-c, 813-d, and 813-e of the Code of Criminal Procedure, relative to the suppression of tan *727 gible evidence, this court is powerless to take any action at this time. (See Evidence, Prince, 15 Syracuse L. Rev. 430.)
Legislative action in this area would seem to be particularly advisable in the light of the recent decision of Escobedo v. Illinois (378 U. S. 478) by our United States Supreme Court. Accordingly, the instant motion must be denied.