104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Antwon ROGERS, Defendant-Appellant, and
Adolphus MITCHELL, Defendant-Appellant.
 No. 95-3154, 95-3477.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 PER CURIAM:
 
 I. BACKGROUND
 
 1
 Defendants Antwon Rogers, Adolphus Mitchell, and Eric Love were indicted on drug charges in the United States District Court for the Northern District of Ohio. Count I of the indictment alleged conspiracy to distribute, and possess with intent to distribute, almost 140 grams of cocaine base. See 21 U.S.C. § 841(a)(1) (1981). Count II alleged the defendants knowingly and intentionally possessed with intent to distribute almost 140 grams of a mixture having a detectable amount of cocaine base. See id. §§ 841(a)(1) (1981), 846 (Supp.1996). Rogers and Mitchell were convicted on Count I, and the court dismissed Count II as against them. Rogers and Mitchell had separate trials before Judge Battisti, who denied motions to suppress based on a search the defendants said was illegal. Both defendants were found guilty. After Judge Battisti's death, Judge Manos sentenced Rogers to life and Mitchell to 20 years. Rogers and Mitchell appeal.[1]
 
 II. DISCUSSION
 A. MOTION TO SUPPRESS
 
 2
 The defendants first appeal the district court's denial of a motion to suppress. In considering such a denial, we review findings of fact for clear error, see Biggs v. United States, 246 F.2d 40, 44 (6th Cir.1957), cert. denied, 355 U.S. 922 (1958), and conclusions of law de novo. United States v. Sangineto-Miranda, 859 F.2d 1501, 1512 (6th Cir.1988) (citations omitted).
 
 
 3
 An agent from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") heard from a confidential informant that Mitchell was an armed crack dealer. On December 22, 1992, the informant, who was wearing a transmitter that allowed the ATF agent to hear conversations in which the informant took part, arranged to buy crack cocaine from Mitchell. Mitchell drove the informant to a house where the transaction was to take place. The house belonged to Delores Love, mother of defendant Eric Love. The informant insisted that the crack be weighed before he would purchase it, so defendant Rogers left the house to get a scale. While Rogers was gone, the informant entered the Love house. Thereafter, several ATF agents went in with guns drawn, handcuffed and restrained everyone inside, arrested Mitchell and Love, and found 139.8 grams of crack cocaine. When defendant Rogers returned to the scene and unwittingly followed an ATF agent into the house, he was arrested as soon as the authorities saw that the potato-chip bag he was carrying contained a scale covered with white powder that turned out to be cocaine dust.
 
 
 4
 * On appeal, both Mitchell and Rogers challenge the constitutionality of admitting evidence seized during the arrest. When Eric Love asserted similar arguments on appeal, we held that he lacked standing to challenge the search of his mother's home, because he did not live there and was not an overnight guest and he therefore had no legitimate expectation of privacy in the premises. Love, 1995 WL 675562, at * 4. If Eric Love had no legitimate expectation of privacy at Delores Love's home, then certainly Rogers and Mitchell, who neither lived there nor were overnight guests there, and who were not even related to Delores Love, did not.
 
 2
 
 5
 Next, Rogers challenges the admission of items seized from his person--specifically the scale, an electronic transformer, a pager, identification, and a large amount of cash--claiming the agents lacked probable cause to arrest him. The magistrate judge disagreed, noting that Delores Love identified Rogers as having been with Mitchell and Eric Love in the bedroom where the crack cocaine was found. The magistrate held that Rogers's
 
 
 6
 arrest was supported by probable cause. Therefore the recovery of the pager, identification, and money [all of which were seized after the arrest] were the result of a valid search incident to arrest. See Chimel v. California, 395 U.S. 752 ... (1969).
 
 
 7
 The scales and transformer were legitimately seized [before the arrest of Rogers] since, at the time, the agents had probable cause to arrest Rogers. See Rawlings v. Kentucky, 448 U.S. 98, 111 (1979) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.")
 
 
 8
 We find no reversible error in this ruling.
 
 3
 
 9
 Rogers next urges that statements he made to the authorities should have been suppressed. He cites a statement he made at the house where he was arrested[2] and statements he made en route to the ATF offices. The latter involved his apparent disbelief that he could be arrested for having the scale. He also cites statements he made at the ATF offices.
 
 
 10
 The magistrate found no credible evidence that Rogers asserted his right to counsel; rather, the magistrate found that Rogers "indicated that he understood his rights but did not assert them. After he refused to sign the waiver of rights, he ... volunteered the statements that he was only bringing the scales and that the cocaine belonged to Love. The circumstances of this case show a knowing and voluntary waiver." The magistrate judge's findings of fact are not clearly erroneous. Furthermore, even when a suspect requests counsel during an interview, he is subject to further questioning when he himself reinitiates conversation, Davis v. United States, 512 U.S. 452, ----, 114 S.Ct. 2350, 2354-55 (1994) (citing Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1884-85 (1981)). We find no error on this issue. Cf. 18 U.S.C. § 3501 (1985), discussed in Davis, 512 U.S. at ----, 114 S.Ct. at 2357-58 (Scalia, J., concurring).
 
 B. HEARSAY
 
 11
 Factual findings on admissibility of coconspirators' statements are reviewed for clear error. United States v. Gessa, 971 F.2d 1257, 1261 (6th Cir.1992) (en banc ) (citation omitted).
 
 
 12
 Before the arrest, and in furtherance of the conspiracy, Mitchell made statements to the confidential informant about Rogers. While sitting in his car, the ATF agent who had been in contact with the informant heard the statements via the concealed transmitter which the informant was wearing. The district court admitted testimony by both the informant and the ATF agent regarding what Mitchell had said about Rogers: The informant testified that Mitchell said that Rogers had gone to get the scale; the agent relayed what Mitchell told the informant about the coconspirators' actions. Rogers claims this was inadmissible hearsay; however, "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is admissible under FED.R.EVID. 801(d)(2)(E). Contrary to Rogers's contention, the district court found there was a conspiracy between Mitchell and Rogers. We find no reversible error here.
 
 C. CROSS EXAMINATION
 
 13
 We review the district court's limit on cross examination for abuse of discretion. See, e.g., Alford v. United States, 282 U.S. 687, 694, 51 S.Ct. 218, 220 (1931).
 
 
 14
 On cross-examination, the district court refused to permit Rogers's lawyers to question the confidential informant for his address and Social Security number. Relying on Alford and Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748 (1968), Rogers contends that this was error because, he says, the address "would allow investigation of [the informant] and possibly reveal witnesses or information going to his credibility. He could be in protective custody or somewhere where it would be inferred that his testimony was purchased or perjured."
 
 
 15
 However, we have held that Alford and Smith do "not lay down a per se rule that a witness must always be required to give his residence address." United States v. Fife, 573 F.2d 369, 377 (6th Cir.1976), cert. denied, 430 U.S. 933 (1977); accord Clark v. Ricketts, 958 F.2d 851, 855 (9th Cir.) (citations omitted), cert. denied, 506 U.S. 838 (1992). Denial of such cross examination does not automatically necessitate a new trial. E.g., United States v. Olson, 978 F.2d 1472, 1477 (7th Cir.1992) (citations omitted), cert. denied, 507 U.S. 997 (1993). The "purpose of Alford and Smith is achieved if sufficient evidence is admitted to identify the witness and locate him in his usual environment." Fife, 573 F.2d at 377 (citation omitted); see United States v. Navarro, 737 F.2d 625, 633 (7th Cir.), cert. denied, 469 U.S. 1020 (1984).
 
 
 16
 The district court allowed defense counsel to cross examine the confidential informant about his age (25); his nickname; his recent use of crack cocaine; his having received the crack cocaine from a "friend" who was not a government agent; his living with a friend's mother, who helped him financially; his lack of steady employment; his having received payment in cash from the ATF, apparently for assisting in other cases; his not reporting this money on income-tax returns; his lack of steady employment; his having claimed he earned $3,000 in 1993, with which he paid rent and bought food, clothing, and entertainment; his having two young children who live with their mother, not him; his having "supported" the children with less than $500 in 1993; and his expectation of a "reward" for his assistance, but not his testimony, in this case. In addition, the government states that the district court was advised of an attempt on the informant's life arising from his agreement to testify at this trial, a threat of which defense counsel was aware.
 
 
 17
 The cross-examination permitted by the district court was clearly sufficient to fulfill the purposes of Alford and Smith. We find neither abuse of discretion nor denial of effective cross examination. Cf., e.g., Olson, 978 F.2d at 1476-77; Clark, 958 F.2d at 855; United States v. Spector, 793 F.2d 932, 937-38 (8th Cir.1986), cert. denied, 479 U.S. 1031 (1987); Navarro, 737 F.2d at 633.
 
 D. PROSECUTOR'S CLOSING ARGUMENT
 
 18
 Rogers claims the district court allowed the government to make improper comments during the closing argument. The court overruled his contemporaneous objections, and refused to grant a new trial as a result of these comments. We review this claim of error under a two-step approach under United States v. Carroll, 26 F.3d 1380, 1383 (6th Cir.1994) (citations omitted). First, we determine whether a prosecutor's remarks were improper at all, and then we determine whether the impropriety, if any, amounts to reversible error, using the tests set out in United States v. Leon, 534 F.2d 667 (6th Cir.1976). We have reviewed, individually and collectively, Rogers's allegations of improper closing argument and find no error in the district court's overruling of Rogers's objections.
 
 E. MOTION FOR JUDGMENT OF ACQUITTAL
 
 19
 Rogers next contends the district court erred in denying his motion for a judgment of acquittal. We review de novo the denial of a motion to acquit. United States v. Gibson, 896 F.2d 206, 209 (6th Cir.1995). A trial court "shall order the entry of judgment of acquittal ... after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." FED.R.CRIM.P. 29(a). A district court should grant such a motion if it concludes that a reasonable mind, after viewing the evidence and justifiable inferences therefrom in the light most favorable to the government, could not find the defendant guilty beyond a reasonable doubt. United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964) (citations omitted). We cannot conclude that a reasonable jury could not have found Rogers guilty beyond a reasonable doubt.
 
 F. SENTENCE
 1. Rogers
 
 20
 The district court enhanced Rogers's sentence under 21 U.S.C. § 841(b)(1)(A) based on two previous felony drug convictions. There were separate indictments, separate pleas, and separate sentencing.
 
 
 21
 Rogers and the government cite United States v. Hughes, 924 F.2d 1354, 1361 (6th Cir.1991), which involved an enhancement based on one prior conviction. See id. at 1357 n. 2 (referring to the defendant's prior state felony drug conviction, not convictions); id. at 1358 (same, twice). Just this year, however, we relied on Hughes to hold that life sentences under § 841(b) "are triggered by predicate criminal episodes that occur at distinct times." United States v. Anderson, 76 F.2d 685, 690 (6th Cir.) (citing Hughes, 924 F.2d at 1361), cert. denied, --- U.S. ----, 117 S.Ct. 91 (1996). The Anderson defendant's actions were not "components of a single act of criminality" where they occurred at different times, at different places, and with different people. See id. at 691 (citations omitted); see also United States v. Pace, 981 F.2d 1123, 1132 (10th Cir.1992) (same). His receiving concurrent sentences for the three crimes did not mean that the crimes were part of the same episode. 76 F.2d at 691. The district court did not err in imposing the enhancement required under 21 U.S.C. § 841(b)(1)(A).
 
 2. Mitchell
 
 22
 Mitchell claims the district court erred in enhancing his sentence under 21 U.S.C. §§ 841(a)(1) and 851, because his predicate state court conviction--a guilty plea--was constitutionally defective. The plea was defective, he says, because it was not voluntary, because Mitchell had not been advised of the true nature of the charge to which he was pleading guilty, because the state court failed to secure a sufficient factual basis for the guilty plea, and specifically did not follow Federal Rule of Criminal Procedure 11, and because the state court failed to permit Mitchell to withdraw the guilty plea and proceed to trial. The district court carefully considered and rejected each of Mitchell's contentions and found that Mitchell had wholly failed to sustain his burden under 21 U.S.C. § 851 of proving that his state court conviction was constitutionally infirm. We find no error in the district court's conclusion or in Mitchell's sentence.
 
 III. CONCLUSION
 
 23
 We AFFIRM the defendants' convictions and sentences.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 We have already rejected Love's appeal. United States v. Love, 70 F.3d 116 (table), No. 94-4222, 1995 WL 675562, at * 6 (6th Cir. Nov. 13, 1995)
 
 
 [2]
 As the government points out, this part of Rogers's brief concentrates largely on a statement he made at the house before ATF agents took him to their offices. However, this statement was not introduced at trial, so we need not consider Rogers's assertion that it was inadmissible